665 So.2d 307 (1995)
John E. MARSHALL, a/k/a John Edward Gavin, a/k/a Christopher Williams, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04706.
District Court of Appeal of Florida, Second District.
December 13, 1995.
*308 Peter N. Macaluso, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
In these two cases consolidated below, appellant challenges the voluntariness of his plea, the court's failure to dismiss trial court case number 89-15372, and the sentence imposed in both cases. Because we conclude that the Nelson[1] inquiry was insufficient to establish the voluntariness of appellant's waiver of counsel, we reverse. Given the fact that appellant's guilty plea was uncounseled and that the voluntariness of appellant's waiver of counsel is uncertain, we conclude that appellant's remaining two issues are rendered moot.
On August 30, 1988, appellant pled guilty to forgery and uttering a forged instrument in case number 88-9011 and was placed on probation for three years on each count, to be served concurrently. On October 13, 1989, appellant was charged in case number 89-15372 with grand theft motor vehicle and two misdemeanors. On October 30, 1989, an affidavit of violation of probation was filed in case number 88-9011. The cases were consolidated for trial.
On August 28, 1992, before entering a plea in case number 89-15372, appellant verbally informed the court that he wanted the court to appoint another lawyer to represent him. The following colloquy occurred:
THE COURT: Mr. Gavin, let me explain how it works. If a person either has enough money to hire a lawyer, if they do, they have to hire a lawyer or represent themselves. Or if they qualify for the services of the public defender's office, appoint the public defender's office to represent them and the public defender's office assigns someone to represent you and in this case it's Mr. Welsh.
You don't get a choice. So, you can proceed here this morning if  I assume you don't have financial ability to hire a lawyer to represent you, is that accurate?
THE DEFENDANT: Not this morning. I like to dispose of this here, but I'm not satisfied with the way he representing me.
THE COURT: Well 
THE DEFENDANT: I would like someone else.
THE COURT: Well, you know, if for some reason you feel you have not been competently represented in a particular case, your choices are either to bring some sort of post decision process or represent yourself. But I'm not going to be appointing somebody else.
THE DEFENDANT: If I can talk to the State, I think I represent myself on this matter.
THE COURT: I don't know that the State is going to want to talk to you on the record.
MR. WELSH: I relayed the State's position to him.
... .
THE COURT: ... Other alternative is you have a right to deny you violated your probation, deny your guilt as to the new charges, in which case I would set them for trial and then you're going to have to make the decision whether you're going to represent yourself or whether or not you're going to avail yourself of the service of the public defender's office, in this case Mr. Welsh.
THE DEFENDANT: Well as of today, just sets it for trial, sir.
THE COURT: Okay.
MR. RANDALL: Judge, State's offer of concurrent time is withdrawn. Also, Judge, I'd like the record to reflect 

*309 THE COURT: Mr. Gavin, are you going to proceed with the service of the public defender's office or are you going to represent yourself?
THE DEFENDANT: I continue with someone from the public defender's office other than Mr. Welsh.
THE COURT: That one is going to be Mr. Welsh unless they assign someone else, but I'm just telling you from a practical matter, in all likelihood it's going to be Mr. Welsh. It's unlikely he's going to get transferred to another division. So for the time being we'll be able to try this case with relatively within four to six weeks.
So that's what it would be. Mr. Welsh, October 5th, October 12th?
MR. WELSH: That's fine, Your Honor. I represent to the Court his acceptance of the public defender's office is qualified on myself representing him and that his statement, I don't want to come back in on a Feretta situation or a Bar complaint.
It would be very easy for me to plead him out today. Ethically I don't think so because of his responses and I'm not trying to be adversarial with him. I've spent a great deal of time litigating collateral attacks and I would like for him to say I'm representing him or not.
That I'll be the public defender handling this case and there wouldn't be another public defender handling this case in this division. If he wants my representation, I'll do everything I can, but if he's saying he's not going to cooperate, that's a waiver and I have way too many cases to accept cases of people who don't want me and are not accepting that representation.
THE COURT: Mr. Gavin, are you accepting Mr. Welsh's representation of you and are you willing to cooperate with him in this regard?
THE DEFENDANT: Your Honor, I don't feel like he'll be competent with me.
THE COURT: Well, you're shaking your head no and your [sic] answering not categorically to the question, but specifically the question of this Court, you're rejecting his services and in doing so I'm confident you're understanding.
You're saying you're going to represent yourself from this date forward. You understand that's the effect of what you are saying?
THE DEFENDANT: Yes, Your Honor, I do so.
THE COURT: You have a motion, Mr. Welsh?
MR. WELSH: Your Honor, I move to withdraw, the public defender.
THE COURT: Public defender's office is allowed to withdraw.
(R 109-110, 113-116).
At the conclusion of the colloquy, appellant pled not guilty to the charges in case number 89-15372. Later that day, appellant returned to the courtroom and entered uncounseled guilty pleas in both cases in exchange for concurrent time on the 88-9011 violation of probation and case number 89-15372. It was agreed that all time would be concurrent with each other and concurrent with the time he was spending in prison.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), the court set forth the procedure to be followed when a defendant indicates a desire to represent himself:
It follows from the foregoing that where a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise *310 the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute. See Wilder v. State, Fla.App. 1963, 156 So.2d 395, 397. If the defendant continues to demand a dismissal of his court appointed counsel, the trial judge may in his discretion discharge counsel and require the defendant to proceed to trial without representation by court appointed counsel. See Cappetta v. State, Fla.App. 1967, 204 So.2d 913 for principles that should guide the court in the exercise of such discretion.
274 So.2d at 258-259.
Nowhere in the instant case does the court inquire of appellant as to why he believes the public defender will be incompetent. The court merely addresses the practical issue of what appellant intends to do. No findings are made regarding the effectiveness or ineffectiveness of counsel. This is simply insufficient under Nelson.
Although the state cites Lowe v. State, 650 So.2d 969 (Fla. 1994) for the proposition that the trial court can only be held to the specificity of the defendant's complaints, the facts of Lowe may be distinguished. In Lowe, the trial court conducted "persistent questioning" in an attempt to determine the reasons for the defendant's dissatisfaction. Here, the court did not inquire of the defendant at all regarding specific complaints. Compare Augsberger v. State, 655 So.2d 1202 (Fla. 2d DCA 1995).
Having found that the court abused its discretion in failing to conduct a proper Nelson inquiry, we conclude that our disposition of appellant's plea renders appellant's remaining two issues moot. Accordingly, we reverse and remand with directions that appellant be allowed to withdraw his plea.
BLUE and WHATLEY, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).