667 So.2d 1030 (1996)
Jorge BURGOS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02373.
District Court of Appeal of Florida, Second District.
February 16, 1996.
*1031 James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
Jorge Burgos appeals from convictions of two counts of capital sexual battery on a child less than twelve years of age. He contends that the state failed to prove that the incidents occurred before the victim's twelfth birthday and that the court erred in failing to conduct an adequate Nelson[1] inquiry. We reverse and remand for a proper Nelson inquiry and a new trial on count II of the information.
The state filed an information which charged Burgos in count I with sexual battery on Tomasa Batalla by penetration of the anus between February 15, 1976, and February 14, 1982. Count II charged union with the vagina of Batalla with his mouth during the same time frame. The victim, Burgos' niece, was twenty-eight years old at the time of trial.
Burgos made three pretrial pro se motions to discharge his court-appointed counsel. At a hearing held on the first of these motions on March 23, 1994, the following dialog took place between Burgos and the trial court:
THE DEFENDANT: I feel that there is a conflict of interest with the Public Defender's Office, and I'm not satisfied with the way Mr. Hooper is handling my case. And I would like the Court to appoint me a private attorney at this time.
THE COURT: That would be wonderful if we could just give everybody a private lawyer when they wanted one. First, tell me what is the conflict of interest?
THE DEFENDANT: First of all, my case has been handed from one public defender to another to another.
Okay.
Second of all, Mr. HooperI've been incarcerated for four months and I only seen Mr. Hooper twice. He came Friday, this past Friday and talked to me. And I'm not satisfied with the way he is handling my case.
THE COURT: Well, I'm sorry I wish I could appoint everybody the lawyer of their choosing, you know, but that is not possible.
Mr. Hooper is one of the finest trial lawyers that this Court has had the privilege of having worked in this division. He is an extremely skilled advocate. And it is true that he has a number of cases to handle, but that is true of any lawyer.
*1032 Any lawyer that is a good trial lawyer is going to have a lot of cases to handle. Perhaps he cannot spend as much time with you as you would possibly like for him to spend. And that in and of itself is not sufficient for me to remove him. He's a good lawyer.
THE DEFENDANT: Well, Your Honor, it's not so much the time. It's the things that we discussed on Friday as far as the handling of my case, the people that I wanted to have subpoenaed.
Everything that I told him that would help my case, he told me he wasn't going to do. In quote, end quote he told me that he didn't want to hear "no bullshit".
THE COURT: Well, he's a very busy lawyer. And just because maybe you don't agree with his strategy is not sufficient for me to remove him. I guess every defendant who is appointed a free lawyer, here's a free lawyer, it doesn't cost you anything. And I guess every lawyereverybody in jail would like to pick F.L. Bailey, you know, to represent him.
THE DEFENDANT: Yes, Your Honor, but when my attorney thinks I'm guilty before I'm proven guilty then that's a different matter right there.
THE COURT: Well, it's not necessary that you tell me that. You see because that's not in your best interest to tell me that.
THE DEFENDANT: Sir, this is my life you are talking about. I'm facing two life sentences.
THE COURT: How well I know. These are very serious charges. However, he will give you the very best advice that he can. And he will represent you to the best of his ability.
The trial court then denied Burgos' motion to discharge his lawyer. Burgos renewed his complaints to the trial court in hearings on May 23, 1994, and June 13, 1994. In denying these motions, the court's comments were essentially identical to those quoted above. Burgos contends that none of these three proceedings constitute an adequate Nelson inquiry. We agree.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), the court formulated a procedure which a trial court must follow when a defendant wishes to discharge his court-appointed counsel prior to trial because of counsel's alleged incompetency. The court stated:
[T]he trial judge should make a sufficient inquiry of the defendant and his court appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
274 So.2d at 258-59 (emphasis added). See also Hardwick v. State, 521 So.2d 1071 (Fla.) (specifically adopting procedure of Nelson), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). The clear error here is that the trial court made no inquiry of defense counsel. Without such an inquiry, the court could not, and did not, make the findings on the record which Nelson mandates. As this court stated in Jones v. State, 658 So.2d 122, 126 (Fla. 2d DCA 1995):
We realize that the procedures mandated by these cases will often involve a tedious and time-consuming process designed to test the frustration and patience level of the most able trial judge.... We must emphasize, however, the importance of strict adherence to these requirements....
The error is not harmless and Burgos is entitled to a new trial.
Burgos also challenges the sufficiency of the evidence. We examine this issue to determine if Burgos must be retried on one or both counts of the information. Specifically, the issue is whether the state proved that either or both of these offenses occurred prior to the victim's twelfth birthday.
*1033 At trial, Batalla testified that Burgos had engaged her in numerous sexual acts from the time she was six until she was thirteen. It is, therefore, critical that the state prove the specific acts charged occurred prior to her twelfth birthday.
As to count I of the information, Batalla testified as to the elements of sexual battery by anal penetration. She did not testify as to when that incident occurred or her age at the time. In fact, the prosecutor did not ask Batalla when the incident occurred or her birth date. We have reviewed the entire record and find nothing to establish that the crime occurred prior to Batalla's twelfth birthday. The evidence, therefore, is insufficient to sustain the conviction as to count I, which we reverse with directions that Burgos be discharged.
As to count II of the information, Bataila testified to all of the elements of sexual battery by oral contact of Burgos' mouth with her vagina at the time she was six years old.[2] Since the evidence is sufficient as to count II, we reverse on that count only on the Nelson issue and remand for a new trial.
Reversed and remanded.
CAMPBELL, A.C.J., and FRANK, J., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] We note that assuming Batalla was twenty-eight at the time of trial and the incident occurred when she was six, some twenty-two years earlier, the crime would have been committed in 1972, outside the time frame stated in the information. The record reflects that the defense did not move for a statement of particulars which would have made this evidence relevant. Cf. Hutchinson v. State, 453 So.2d 900 (Fla. 4th DCA 1984) (the defendant was entitled to judgment of acquittal when the state failed to prove the offense occurred on the date in the statement of particulars and the defense objected). This omission in a case of this type lends support to Burgos' complaints about his representation by defense counsel.