754 So.2d 89 (2000)
Kevin TUCKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4935.
District Court of Appeal of Florida, Second District.
March 10, 2000.
*90 James Marion Moorman, Public Defender, and Joanna B. Conner, Assistant Public Defender, Bartow, for Appellant.
*91 Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Kevin Tucker appeals his conviction for fleeing to elude with high speed. We affirm.
While on patrol in June of 1998, a Hillsborough County Sheriffs Deputy drove through a mobile home park. He observed a motorcycle sitting in a vacant lot next to one of the mobile homes and ran a check on the tag. Just as the registration came back indicating that the motorcycle was stolen, the deputy saw Tucker exit the mobile home and get on the motorcycle. Tucker looked back directly at the deputy and then sped off. The deputy was in a marked vehicle with overhead lights and sirens which he activated. The deputy drove down a side street to intersect Tucker's path, but Tucker cut in front of the deputy, almost causing a collision. The deputy followed Tucker and another marked vehicle as well as a helicopter joined in the pursuit. Eventually the high speed chase was called off due to the danger it posed to other motorists. Tucker's name and address were obtained from the occupant of the mobile home, and it appears that he was subsequently located and arrested on this charge while incarcerated for another matter.[1]
Tucker does not attack the sufficiency of the evidence to support his conviction. Instead, he maintains that the trial court failed to conduct a full Nelson[2] inquiry into his dissatisfaction with the assistant public defender handling his case and, as a result, he is entitled to a new trial.[3] We conclude that the trial court conducted a hearing sufficient to satisfy the requirements of Nelson. Nonetheless, we note that the record suggests either an error in the reporter's transcription or in the trial court's interpretation of the law with regard to an indigent's entitlement to court-appointed counsel.
We turn first to the point concerning the adequacy of the inquiry conducted by the trial court. On October 1, 1998, Tucker filed a written, pro se motion for withdrawal or for termination of counsel. In that motion, he alleged irreconcilable conflicts of interest between himself and Melody Dietsch, who apparently was his appointed assistant public defender at that time. The trial court rendered an order denying the motion on October 26, 1998.[4]
On that same day, October 26, the matter proceeded to trial and jury selection began. Immediately prior to the commencement of jury selection, the assistant public defender handling the matter for trial, Guy Brown, orally advised the trial court of Tucker's desire to have him "fired."[5] The following dialogue ensued:
THE COURT: What do you want to say, sir?
THE DEFENDANT: I was speaking to Mr. Brown and he speculated that I was already guilty of this charge. I don't see how he's going to represent me tomorrow in trial if he says I already did *92 something, I caused this by jumping on the bike myself. He tried to get me to admit that.
I will not admit to nothing and I would like to go to trial. He just assumed that I did that a while ago, how's he going to represent me saying I have already done something?
THE COURT: Okay. Anything else?
THE DEFENDANT: No, Your Honor.
THE COURT: You asking to discharge him?
THE DEFENDANT: I can't do this myself and I can't afford a private attorney, but I can't do it with Mr. Brown here saying that I've already done it. He's assuming that I'm guilty of the charge. I don't see where I will get a fair trial when he's assuming that I did something.
MR. BROWN: If I may, I met with this client last week and, unfortunately, if he's unhappy and if he wants to waive the attorney/client privilege as to what was discussed last week, I would be more than happy to address the Court. If he's willing to waive the privilege.
THE COURT: You understand what he's saying?
THE DEFENDANT: Yeah. He's making the assumption, I said to him is exactly what I said.
THE COURT: Then don't go any further because this lady is taking down everything that's being said. My question to you is whether or not you're asking to discharge your attorney. If your [sic] are, then I'm going to have a hearing to determine whether or not you're able to represent yourself.
I've got 30 jurors and I'm going to pick a jury. If you feel that your lawyer is being ineffective or is going to be ineffective, then we need to have a hearing on that.
THE DEFENDANT: He's assuming I'm guilty. To me that's
THE COURT: I don't know what your lawyer is assuming, sir. Apparently y'all have had conversations dealing with your defense in this particular case. I don't know what you have told him.
THE DEFENDANT: I spoke to him at pretrial, that's it. And he came to the jail one day and he said a few words and packed up and left. He wouldn't let me show that I had some things about the case.
And the other day when he's there, I said this is not me. And he said, well, so you're saying it wasn't you that took off on the bike and you weren't hauling ass? And I said I'm not admitting nothing. And now he's assuming that I did this.
THE COURT: You want to discharge your lawyer?
THE DEFENDANT: If that's what I have to do to get a fair trial, yes. But I can't do it on my own. And granted I'm no attorney, but I do know myself.
A preliminary Nelson inquiry is required where, prior to trial, a defendant asks to discharge his or her court-appointed attorney. If the defendant assigns incompetency of counsel as a reason for the request, further inquiry is required. See Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973). A trial court does not abuse its discretion in refusing to conduct a Nelson inquiry when the defendant fails to make an unequivocal request for the discharge of counsel and for the court's appointment of other counsel. See Davis v. State, 703 So.2d 1055 (Fla.1997); Augsberger v. State, 655 So.2d 1202 (Fla. 2d DCA 1995). Likewise, there is no abuse of discretion in failing to conduct a further inquiry where the defendant's dissatisfaction with counsel is articulated in terms of general complaints which do not suggest ineffective assistance of counsel. See Branch v. State, 685 So.2d 1250 (Fla.1996); Augsberger; 655 So.2d 1202. See, e.g., Comer v. State, 730 So.2d 769 (Fla. 1st DCA 1999).
The cautious approach suggests that, when in doubt, a trial court should proceed *93 with further inquiry. See Angela D. McCravy, Self-Representation and Ineffective Assistance of Counsel: How Trial Judges Can Find Their Way Through the Convoluted Legacy of Faretta and Nelson, 71 Fla. B.J. 44 (Oct.1997). Tucker's complaints, however, were insufficient to trigger any inquiry beyond that which was conducted. Furthermore, we emphasize that Tucker never agreed to waive his attorney-client privilege in order for the attorney to respond to Tucker's complaint although it was suggested by counsel and requested by the trial court.[6]
Tucker explained that he wanted to discharge Mr. Brown but that he could not represent himself and that he could not afford to hire a private attorney. The trial court had to ask Tucker several times whether he wished to discharge court-appointed counsel before receiving an unequivocal affirmative answer.[7] Thus, Tucker arguably satisfied the initial requirement to trigger a Nelson inquiry.
In the lengthy discussion that followed, Tucker was most bothered by his perception that the assistant public defender then handling the trial believed him to be guilty. This complaint did not rise to a level suggesting that counsel was ineffective. See, e.g., Comer, 730 So.2d 769. Where incompetency of counsel is not the basis for the defendant's motion to discharge, a trial court is not required to conduct a further Nelson inquiry. See Jones v. State, 658 So.2d 122, 125 n. 2 (Fla. 2d DCA 1995) (citing Johnson v. State, 560 So.2d 1239 (Fla. 1st DCA 1990)). Furthermore, "[a]s a practical matter, a trial judge's inquiry into a defendant's complaint of incompetence of counsel can be only as specific and meaningful as the defendant's complaint." Lowe v. State, 650 So.2d 969, 975 (Fla.1994).
Tucker's complaint was much akin to a defendant's generalized complaint that court-appointed counsel has not "served him right," which this court has found to be "nothing more than an expression of general loss of confidence or trust which, standing alone, does not require withdrawal of counsel." See Augsberger, 655 So.2d at 1204. Tucker's additional claim that his attorney "wouldn't let me show that I had some things about the case," during a jailhouse visit must be considered in the context of the persistent complaint immediately preceding and following the claimhis attorney, according to Tucker, presumed him to be guilty of the charge of fleeing to elude. Taken in context, it was not a bona fide suggestion of inadequate preparation on counsel's part. It was merely a comment to bolster Tucker's claim. Additionally, nothing in the record suggests that counsel's handling of Tucker's matter was ineffective.[8]
*94 We turn now to the point which requires this court's clarification. Once the initial phase of the discourse had transpired, Tucker withdrew his motion to discharge counsel because he did not want to represent himself. During that continued engagement of dialogue, which is more fully set forth by our colleague in his dissent, the record indicates that the trial court stated:
If I find that he's being ineffective and I discharge him, then you're either going to have to hire your own lawyer or you're going to have to represent yourself. One or the other.
(Emphasis supplied.)
Either the transcription incorrectly reflects the word "ineffective" rather than "effective," or the trial court misspoke. Had Tucker been entitled to a further inquiry, and had he asserted facts, which if correct, would have demonstrated that he had not received effective representation of counsel, the court would have been required to appoint substitute counsel. Only upon a finding that counsel was effective, would Tucker not have been entitled to court-appointed substitute counsel. However, in light of the record before us, we do not find that misstatement to have resulted in reversible error.
Affirmed.
GREEN, J., Concurs.
BLUE, A.C.J., Dissents with opinion.
BLUE, Acting Chief Judge, Dissenting.
I respectfully dissent. I would reverse for a new trial because the trial court attempted but failed to provide a proper hearing pursuant to the requirements of Nelson.
The facts in this case bear a striking similarity to Nelson, from whence we have derived the "Nelson hearing." Because defendants are entitled to representation when indigent and charged with crimes, but are not allowed to choose their attorney, this is a recurring problem for trial courts. Thus, Nelson established a procedure to be followed by trial courts when a defendant seeks to discharge or otherwise complains about his or her court-appointed counsel. This court's opinion in Jones provides an excellent discussion on the dilemma of defendants dissatisfied with appointed counsel and offers trial judges sage advice on dealing with the problems. See 658 So.2d 122.
Nelson requires that the trial judge determine if the dissatisfaction results from claims of ineffective assistance by appointed counsel. See 274 So.2d at 258-59. If the claim involves ineffective counsel, the trial court should inquire into the validity of the claim and make a finding on the record as to whether appointed counsel is rendering effective assistance. See id. A finding that counsel is ineffective requires appointment of substitute counsel. See id. If the trial court finds counsel is rendering effective assistance, the defendant is offered the choice of proceeding to trial with appointed counsel or self-representation. See id.
That portion of the "Nelson hearing" not contained in the majority opinion is set forth below, with the last two statements quoted by the majority added for clarity:
THE COURT: You want to discharge your lawyer?
THE DEFENDANT: If that's what I have to do to get a fair trial, yes. But I can't do it on my own. And granted I'm no attorney, but I do know myself.
THE COURT: That's the motion?
THE DEFENDANT: I'm not guilty.
THE COURT: That's the position you're in, Mr. Tucker. If you discharge your lawyer you're going to be representing yourself.
THE DEFENDANT: But how would that be fair to me?
THE COURT: That's a decision that you have to make, sir.
THE DEFENDANT: But I thought I have a right to an attorney.
THE COURT: And he's an attorney.

*95 THE DEFENDANT: And he's assuming that I'm already guilty of the charge.
THE COURT: I don't know what he's assuming, Mr. Tucker. If you're alleging that this lawyer is being ineffective, you need to tell me reasons why you believe he's ineffective and why you want to discharge him. If I find that he's being ineffective and I discharge him, then you're either going to have to hire your own lawyer or you're going to have to represent yourself. One or the other.

THE DEFENDANT: Then I guess I'm stuck with him. I can't do it on my own.
THE COURT: Bring in the jury.
(Emphasis supplied.) The underlined passage constitutes an obvious misstatement of the law. I would like to think this trial judge was misquoted, but Mr. Tucker's response and the court's prior comments indicate otherwise.
Although the trial court properly asked Mr. Tucker to give reasons he felt counsel to be ineffective, the trial judge then gave Mr. Tucker, as his only option, self-representation if the trial court found counsel to be ineffective. Mr. Tucker, who earlier in the hearing had expressed the desire to be represented by counsel, understandably lost interest in setting forth any basis for the trial judge to find appointed counsel ineffective.
The majority opinion posits that Mr. Tucker was either not entitled to a Nelson hearing or received a proper hearing. I conclude the trial court attempted to provide a Nelson inquiry, but failed to conduct it properly, and thus, I would reverse and remand for a new trial.
NOTES
[1] The record is understandably sketchy on the exact means by which the arrest was effected in that any testimony in this regard was restricted by defense counsel's successful motion in limine.
[2] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[3] Tucker also challenges the propriety of comments made by the prosecutor during closing argument. We find no merit in that issue.
[4] In its appellate brief, the State suggests that, at a pretrial conference on October 21, 1998, the motion to discharge counsel was withdrawn. It further suggests that a Nelson inquiry was conducted at the pretrial conference. If such a hearing transpired prior to the hearing on the day of trial, the record on appeal does not contain a transcript of that conference.
[5] The record does not reflect precisely when Assistant Public Defender Brown, rather than Assistant Public Defender Dietsch, began to represent Tucker.
[6] Tucker's attorney may have been mistaken for being concerned about attorney-client privilege; however, he offered to relate his communications with Tucker, provided Tucker waived the privilege. Tucker stated he understood what his attorney was willing to do, but no one pursued the matter further.
[7] The dialogue between the trial court and Tucker was not unlike many in which a defendant, as the trial is about to begin, claims to be dissatisfied with counsel, but refuses to give the trial court a direct answer when asked if he or she wants to discharge trial counsel. It is of no small import that Tucker had, on at least one prior occasion, claimed dissatisfaction with another appointed public defender. Such tactics are often employed by defendants to stall the inevitable. See, e.g., Harris v. State, 742 So.2d 835 (Fla. 2d DCA 1999).
[8] In Burgos v. State, 667 So.2d 1030 (Fla. 2d DCA 1996), this court determined that the trial court's failure to conduct a Nelson inquiry was error which could not be deemed harmless. Although distinguishable from the present case because one of Burgos' complaints against counsel was possibly meritorious, a comparison is helpful. In Burgos, this court noted that defense counsel's failure to move for a statement of particulars, in that complex capital sexual battery case, lent support to his complaints concerning the ineffectiveness of defense counsel. See Burgos, 667 So.2d at 1032 n. 2. Tucker's case, involving a charge of fleeing to elude with high speed, was not complex.