892 So.2d 1100 (2004)
Tony MAXWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3458.
District Court of Appeal of Florida, Second District.
November 5, 2004.
*1101 James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Deborah Fraim Hogge, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
After representing himself in a jury trial, Tony Maxwell was convicted of possession of cocaine and sale of cocaine and was sentenced to three years in prison. Because the trial court failed to make a preliminary inquiry pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), before discharging court-appointed counsel and permitting Maxwell to represent himself, we reverse.
On the morning of trial, before Maxwell was present, Maxwell's court-appointed counsel, Kenneth Hadley, informed the trial court, "I anticipate Mr. Maxwell is going to come out and he's going to want me to be dismissed and he's going to want to represent himself." Hadley added, "I think we have a difference of opinion on the trial strategy and I think that's the basis of it."
Once Maxwell was present, the trial court told Maxwell that his court-appointed counsel had advised the court that "you might have a problem with his continued representation of you in this case." Instead of questioning Maxwell on this matter, the trial court engaged directly with him in a detailed discussion about plea negotiations "to see if there was a possibility that we could resolve this case without a trial." The trial court did not include Maxwell's court-appointed counsel in the discussion.
Declining to accept a plea, Maxwell asserted his desire to proceed to trial. Immediately thereafter, the trial court posed its first question on the issue of representation:

*1102 THE COURT: Now, do you want to represent yourself or do you want Mr. Hadley to help you?
[Maxwell]: I would basically like to represent myself, but I would like to have him to be there, sir.
THE COURT: All right. Mr. Maxwell, how much school did you complete?
In the discussion that followed, the trial court informed Maxwell that he would be at a tremendous disadvantage representing himself. Maxwell complained, "Well, I can't seem to get any work out of Mr. Hadley, sir," specifically citing the alleged inadequacy of court-appointed counsel's response to Maxwell's request to take photographs of the crime scene at night. The trial court responded by doubting the admissibility of any photographs. There was no further discussion on the adequacy of court-appointed counsel's representation. After conducting an inquiry pursuant to Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the trial court permitted Maxwell to represent himself and appointed Hadley as stand-by counsel. The jury found Maxwell guilty as charged.
In Nelson, the court established a procedure that a trial court must follow, consistent with an indigent's right to effective representation, when a defendant expresses a desire to discharge court-appointed counsel prior to trial. 274 So.2d at 258; see also Marshall v. State, 665 So.2d 307, 309 (Fla. 2d DCA 1995) (stating that Nelson set forth "the procedure to be followed when a defendant indicates a desire to represent himself"). The issue of whether a trial court conducted an appropriate Nelson inquiry is subject to review for abuse of discretion. Rios v. State, 696 So.2d 469, 470 (Fla. 2d DCA 1997).
The first step in the procedure is the preliminary Nelson inquiry in which the court ascertains whether the defendant unequivocally requests court-appointed counsel's discharge and the court asks the reason for the request. Tucker v. State, 754 So.2d 89, 92 (Fla. 2d DCA 2000). The answer to the preliminary inquiry determines the next steps. If a reason for the request is court-appointed counsel's incompetence, then the court must further inquire of the defendant and his counsel to determine if there is reasonable cause to believe that court-appointed counsel is not rendering effective assistance and, if so, appoint substitute counsel. Nelson, 274 So.2d at 258-59. If the reasons for the request do not indicate ineffective assistance of counsel, then no further inquiry is required. Tucker, 754 So.2d at 92. If no further inquiry is required, or if after further inquiry there is no reasonable cause to believe that court-appointed counsel is not rendering effective assistance, and the defendant persists in a desire to discharge counsel, then the court must inform the defendant that he is not entitled to a court-appointed substitute counsel and that he would be exercising his right to represent himself. Jones v. State, 658 So.2d 122, 125 (Fla. 2d DCA 1995). Before the court permits a defendant to represent himself, it must determine pursuant to Faretta that the defendant knowingly and intelligently waives the right to court-appointed counsel. Id.
Depending on the answer to the preliminary Nelson inquiry, a complex, multi-faceted combined Nelson and Faretta hearing could ensue, or the inquiry could end there. The preliminary inquiry is the crucial step in the procedure that determines what other procedures, if any, a court must follow in order to adequately protect a defendant's constitutional rights.
Here, the trial court failed to make a preliminary Nelson inquiry. Maxwell's court-appointed counsel asserted that Maxwell desired to discharge counsel and represent himself. The trial court's first question to Maxwell about this matter simply *1103 presented Maxwell with a choice: represent yourself or accept court-appointed counsel's help. Thus the trial court removed the possibility of discharging counsel for incompetence before Maxwell had a chance to speak on the matter. Satisfied merely with court-appointed counsel's statement (made without Maxwell present) that he and Maxwell disagreed about trial strategy, the trial court's first question to Maxwell preempted any Nelson issue (whether to discharge counsel) and proceeded directly to the Faretta issue (whether to allow the defendant to represent himself). See Jones, 658 So.2d at 125. The failure to conduct an appropriate Nelson inquiry is a structural defect in the trial requiring reversal as per se error. Id. at 126 (Altenbernd, J., concurring) (citing State v. Young, 626 So.2d 655 (Fla.1993)).
The State urges affirmance on authority of Augsberger v. State, 655 So.2d 1202, 1204-05 (Fla. 2d DCA 1995), which held that a Nelson inquiry is not required when the defendant does not indicate a desire to discharge court-appointed counsel and to receive a replacement. However, Augsberger addressed the necessity of conducting a full Nelson inquiry after the defendant's response to the preliminary inquiry, not the necessity of the preliminary inquiry, which provides the opportunity for such desires to come to light. The State does not contend, and we do not believe, that the discussion following Maxwell's statement, "I can't seem to get any work out of Mr. Hadley, sir" was an adequate inquiry under Nelson.
Reversed and remanded for new trial.
NORTHCUTT and STRINGER, JJ., concur.