THOMAS, J.
Appellant asserts that the trial court reversibly erred in failing to grant a hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). Because the trial court did not conduct a Nelson hearing after Appellant made specific complaints regarding counsel’s performance, we reverse and remand for a new trial.
Just before jury selection, Appellant complained that his appointed counsel failed to object to improper statements made during a motion hearing to exclude certain evidence. In addition, Appellant complained that counsel did not inform him of all the charges against him, was ill prepared, and was not doing an adequate job. Appellant stated that he thought he had no choice but to represent himself rather than accept counsel’s representation.
Although the trial court conducted the required hearing to determine Appellant’s right to self-representation under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the trial court did not question counsel regarding Appellant’s specific complaints of incompetent representation. The court discharged counsel, but had counsel remain during trial to provide assistance as stand-by counsel. Appellant represented himself throughout the trial with some assistance of stand-by counsel. The jury found Appellant guilty of all charges, and he was sentenced to life imprisonment as an habitual felony offender.
Although the trial court correctly determined that Appellant had the capacity to choose self-representation and appointed stand-by counsel to provide assistance, Appellant stated he thought he had no choice but to represent himself in light of counsel’s allegedly deficient representation. When Appellant raised specific complaints regarding his counsel’s performance, the court was obligated to inquire of counsel regarding the complaints. Kearse v. State, 605 So.2d 534, 537 (Fla. 1st DCA 1992).
To properly determine whether a criminal defendant has adequately asserted a claim of incompetent representation, the trial court must make an inquiry of both the client and the counsel. Davenport v. State, 596 So.2d 92, 94 (Fla. 1st DCA 1992); Perkins v. State, 585 So.2d 390, 392 (Fla. 1st DCA 1991), disapproved on other grounds by Heuss v. State, 687 So.2d 823 (Fla.1996). While it is true that a criminal defendant is not entitled to the appointed counsel of his choice, he is entitled to an inquiry by the trial court when he asserts that appointed counsel is not providing competent assistance. If the trial court finds the defendant’s complaint is without merit, and the defendant insists he would rather represent himself than accept the representation of appointed counsel, the court then proceeds to the required inquiry under Faretta. Jones v. State, 658 So.2d 122 (Fla. 2d DCA 1995).
When a criminal defendant informs the trial court that appointed counsel is providing incompetent representation, we encourage the State to advise the court to *873 conduct the necessary inquiry. The State can greatly assist the court and provide a valuable public service by noting the relevant case law, thus potentially avoiding the necessity for a new trial. See Graves v. State, 642 So.2d 142, 144 (Fla. 4th DCA 1994).
We reject the State’s assertion that the error was harmless where the defendant asserted a claim of incompetent representation, the trial court failed to conduct a Nelson hearing, and the defendant then proceeded to represent himself. See, e.g., Maxwell v. State, 892 So.2d 1100 (Fla. 2d DCA 2004).
REVERSED and REMANDED.
WOLF and ROBERTS, JJ., concur.