DAVIS, Judge.
 

 Dale Montgomery challenges the revocation of his probation and the resulting sentence for his 2004 convictions for lewd or lascivious battery and lewd or lascivious molestation. At the revocation hearing, Montgomery represented himself and was sentenced to two concurrent, ten-year prison terms. Because the trial court failed to conduct adequate Nelson
 
 [1]
 
 and Faretta
 
 [2]
 
 hearings prior to allowing Montgomery to discharge counsel and proceed pro se, we reverse.
 

 On October 2, 2007, while represented by counsel, Montgomery filed a verified motion to discharge counsel of record. A hearing on Montgomery’s motion was held on October 15, 2007. At the hearing the State informed the trial court that a
 
 Nelson
 
 inquiry was required. Instead of responding to the State’s assertion, the trial court engaged in the following exchange with Montgomery:
 

 THE COURT: You want to represent yourself this afternoon?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Have you ever done that before?
 

 THE DEFENDANT: No, sir, Your Honor.
 

 THE COURT: You think you can?
 

 THE DEFENDANT: Yes, sir, I can.
 

 THE COURT: Okay. Do you have any experience with the law at all?
 

 
 *1230
 
 THE DEFENDANT: No, sir, I haven’t.
 

 THE COURT: Okay. We’ll see you this afternoon then.
 

 THE DEFENDANT: Thank you, Your Honor.
 

 The State subsequently informed the court that Montgomery “needs to be advised of the disadvantages of firing” his counsel. The court responded, “Everybody knows that. That’s obvious.” The court then discharged Montgomery’s counsel, and the violation of probation hearing was held later that afternoon. On appeal, Montgomery argues that the trial court fundamentally erred by failing to conduct an adequate
 
 Nelson
 
 or
 
 Faretta
 
 hearing prior to granting his motion to discharge counsel of record and allowing him to proceed pro se.
 

 Montgomery first argues on appeal that the trial court failed to inquire and determine the reasons why he wanted to discharge his court-appointed counsel, as is required by
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973). Pursuant to
 
 Nelson,
 
 a trial court must first “ascertain ] whether the defendant unequivocally requests court-appointed counsel’s discharge” and if so, the reason for that request.
 
 Maxwell v. State,
 
 892 So.2d 1100, 1102 (Fla. 2d DCA 2004) (citing
 
 Tucker v. State,
 
 754 So.2d 89, 92 (Fla. 2d DCA 2000)). If the reason for that request is determined to be counsel’s incompetence, further inquiry is required “to determine if there is reasonable cause to believe that court-appointed counsel is not rendering effective assistance.”
 
 Id.
 
 (citing
 
 Nelson,
 
 274 So.2d at 258-59). If no further inquiry is required or if further inquiry establishes that there is no reasonable cause to believe effective assistance is not being rendered and the defendant still wishes to discharge counsel, the trial court must make clear to the defendant that there is no entitlement to court-appointed substitute counsel and that the defendant will have to represent himself or herself.
 
 Id.
 
 (citing
 
 Jones v. State,
 
 658 So.2d 122, 125 (Fla. 2d DCA 1995)).
 

 At Montgomery’s hearing, the trial court at best ascertained that Montgomery unequivocally wished to discharge his counsel. There is nothing in the record to suggest that the trial court ever inquired regarding Montgomery’s reasons for seeking the discharge beyond those articulated in his written motion for discharge. Assuming arguendo that the trial court relied on the reasons listed in the written motion to conclude that incompetence or ineffectiveness was not the basis for Montgomery’s motion and that no further inquiry was needed, the trial court was still required to make such a determination on the record and advise Montgomery that although he was entitled to discharge counsel, he would not be entitled to the appointment of substitute counsel.
 
 See Rios v. State,
 
 696 So.2d 469, 471 (Fla. 2d DCA 1997). Furthermore, “[d]epend-ing on the answer to the preliminary
 
 Nelson
 
 inquiry, a complex, multi-faceted combined
 
 Nelson
 
 and
 
 Faretta
 
 hearing could ensue....”
 
 Maxwell,
 
 892 So.2d at 1102. As such, “[t]he preliminary inquiry is the crucial step in the procedure that determines what other procedures, if any, a court must follow in order to adequately protect a defendant’s constitutional rights.”
 
 Id.
 
 Here, the trial court’s failure to conduct an adequate preliminary
 
 Nelson
 
 inquiry amounted to an abuse of discretion.
 
 See id.; Rios,
 
 696 So.2d at 470.
 

 Montgomery also argues on appeal that the trial court failed to properly conduct a
 
 Faretta
 
 hearing. Florida Rule of Criminal Procedure 3.111(d) requires such a hearing in order to determine whether a defendant’s waiver of his or her right to counsel is made voluntarily, knowingly,
 
 *1231
 
 and intelligently.
 
 See also Sandoval v. State,
 
 884 So.2d 214 (Fla. 2d DCA 2004). Under the requirements of rule 3.111(d)(2), the right to the assistance of counsel is not waived
 

 until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make a knowing and intelligent waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
 

 Without the warnings identified through inquiries into the defendant’s “age, mental condition, education, and lack of knowledge and experience in criminal proceedings” and exploration of “the complexities of a jury trial, the dangers and disadvantages of self-representation, the seriousness of the charges pending ... and the potential sentences ... upon conviction, ...
 
 Faretta’s
 
 mandate that the record establish that a defendant has knowingly and intelligently exercised the right of self-representation “with eyes open’ cannot be fulfilled.” Jones, 658 So.2d at 125-26 (citing
 
 Taylor v. State,
 
 605 So.2d 958 (Fla. 2d DCA 1992);
 
 Taylor v. State,
 
 610 So.2d 576 (Fla. 1st DCA 1992));
 
 see also Watkins v. State,
 
 959 So.2d 386 (Fla. 2d DCA 2007).
 

 Based on the record before us, the trial court here failed to inquire into Montgomery’s capacity to represent himself and failed to explain the seriousness or potential outcomes of Montgomery’s upcoming violation of probation hearing. Despite Montgomery’s acknowledgment that he had no experience with the law and the prosecutor’s reminder that Montgomery needed to be “advised of the disadvantages” of firing his counsel, the trial court still failed to proceed with an adequate
 
 Faretta
 
 hearing.
 

 Under these circumstances, the trial court’s failure to determine Montgomery’s right to the appointment of new counsel and to determine his need of representation amounted to the trial court’s denial of Montgomery’s right to court-appointed counsel and, as such, was fundamental error.
 
 See Brady v. State,
 
 910 So.2d 388, 390 (Fla. 2d DCA 2005).
 

 Reversed and remanded.
 

 FULMER and VILLANTI, JJ., Concur.
 

 [1]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 

 [2]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).