ALTENBERND, Judge.
 

 Lathesia Penn appeals her judgment of conviction for third-degree grand theft and the resulting thirty-eight month term of probation. She raises five issues on appeal. We address only one issue: Ms. Penn is entitled to a new trial because the court did not conduct a preliminary
 
 Nelson
 
 inquiry after hearing that Ms. Penn wanted to discharge her lawyer.
 
 See Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 
 [1]
 

 In November 2006, Ms. Penn allegedly convinced a man that she was a licensed accountant and could help him start a trucking business and resolve some tax issues necessary to obtain a license plate for his tractor-trailer. The man claimed that he gave Ms. Penn $550 in cash without receiving a receipt and that Ms. Penn kept the money and did not perform any work. Ms. Penn disputed the amount of money she had received and denied that
 
 *623
 
 she had failed to perform work for the man. This dispute, which might seem to be a matter appropriate for resolution in the small claims division of county court, ultimately resulted in the filing of this felony information charging Ms. Penn with grand theft.
 

 Several trial court judges handled this case and it is clear that all the parties involved wanted to resolve this matter by a pretrial intervention program — except for Ms. Penn, who was insistent of her innocence and demanded a trial. Shortly before the trial commenced, Ms. Penn and her attorney appeared before the trial court to determine whether she was going to agree to pretrial intervention or proceed to trial. Her attorney explained that “the last time I spoke to her outside of the court, she wanted to have me off of her case.” The attorney explained that he did not know if that was still her request. Although the attorney did not expressly ask the trial court to conduct a
 
 Nelson
 
 hearing, the record leaves no doubt that the attorney was asking for such a hearing.
 

 The trial court was understandably frustrated by this case. By the time the court learned that Ms. Penn wanted to discharge her lawyer, it knew that two witnesses were already being flown to Florida from Ohio to testify at the scheduled trial. Ms. Penn tried twice to explain herself to the court during this short hearing. Each time she was immediately cut off. The court never conducted even the most basic
 
 Nelson
 
 hearing, but simply told the parties to be ready to pick a jury.
 

 This court recently discussed the necessary procedures for a
 
 Nelson
 
 hearing in
 
 Torres v. State,
 
 42 So.3d 910, 912 (Fla. 2d DCA 2010). As we explained, the first preliminary step for the trial court is to determine whether the defendant is making an unequivocal request to discharge counsel.
 
 Id.; see also Maxwell v. State,
 
 892 So.2d 1100, 1102 (Fla. 2d DCA 2004). The State does not argue that the trial court performed this first step. It primarily argues that Ms. Penn never moved to discharge her attorney.
 

 The State is correct that general allegations of dissatisfaction by a defendant are not enough to trigger the need for a full
 
 Nelson
 
 hearing.
 
 See Morrison v. State,
 
 818 So.2d 432, 440 (Fla.2002);
 
 Tucker v. State,
 
 754 So.2d 89, 92 (Fla. 2d DCA 2000). In this case, however, Ms. Penn was not making any allegations; her attorney was explaining that Ms. Penn wanted him removed from the case. It was not the trial attorney’s responsibility to explain the reasons or details of his client’s dissatisfaction. An attorney in this context essentially has a built-in conflict. It was the attorney’s responsibility to inform the court of the client’s discontent and allow the trial court to take the next step of allowing the client to explain the perceived problems. In this case, Ms. Penn never made an oral motion to discharge her attorney because the trial court would not hear from her and gave her no opportunity to make a motion or state her complaint.
 

 We conclude that the trial court erred in this regard. Such an error is a per se error that requires this court to reverse the judgment and sentence and remand this case for a new trial.
 
 Maxwell,
 
 892 So.2d at 1103 (“The failure to conduct an appropriate
 
 Nelson
 
 inquiry is a structural defect in the trial requiring reversal as per se error.”).
 

 Reversed and remanded.
 

 SILBERMAN and KELLY, JJ., Concur.
 

 [1]
 

 . We note that this case has been pending in this court for nearly three years. This is not the fault of Ms. Penn's current attorney. Private counsel, Heather M. Gray, originally filed this appeal. When she did not file a brief, this court finally removed her as counsel of record and appointed the public defender, who has filed a brief entitling Ms. Penn to a new trial.
 
 See Fla. Bar v. Gray,
 
 28 So.3d 46 (Fla.2010) (table report of unpublished order).