KHOUZAM, Judge.
Ernest Jerome Nash appeals his judgments and sentences for trafficking in heroin and conspiracy to traffic in heroin. Because the trial court failed to conduct an adequate hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), we reverse and remand for a new trial.
On the morning that jury selection was to begin, Nash’s court-appointed counsel informed the trial court that Nash wanted to discharge counsel and hire a private attorney. The following ensued:
THE COURT: All right. So Miss Fletcher indicates that you want to hire private counsel?
THE DEFENDANT: Yes, sir.
THE COURT: All right. I don’t understand. Tell me what it is that you want to do.
THE DEFENDANT: I need an attorney that’s gonna represent me that I think I can trust. I mean, everything is coming on. I didn’t know my court date. I got depositions that were done several months ago, I’m just getting them. I get all of the depositions of everybody testifying against me. I haven’t got everything that I need to prepare myself. You know, what’s going on?
Once I understand — I got everything I need for trial. They’re trying to give me 25 years. That’s the rest of my life. I need to know what’s going on.
My lawyer done told me different stories. Once they got video/they don’t got video. You know, it was a lot of confusion. I didn’t have enough time to even talk to my lawyer to know what’s going on.
*1210 Right now I’m dumbfounded because I didn’t know I’m going to trial. I get one trial date and I don’t get that trial date, and I don’t see my lawyer. I ain’t getting all the deposition[s] I need to know what’s going on in my case.
Then at the very last moment I hear stories that I beat somebody and force[d] them to go places, and that never happened — I don’t get no depositions of that. I’m getting stories [of] people coming to testify against me — I don’t get no depositions] of that.
Now I’m going to trial with an attorney and I’m facing 25 years, the rest of my life. It’s hard to even try to get stuff together, I ain’t got everything I need. I need somebody to represent me.
THE COURT: Miss Fletcher, are you prepared to go to trial today?
MS. FLETCHER: Yes, sir.
THE COURT: Anything else?
THE DEFENDANT: That’s it, sir.
THE COURT: Here are your rights, sir: You don’t have to go to trial with Miss Fletcher. You have the right to fire her. But I am finding that — she says she’s ready for trial, I believe she’s ready for trial.
What you said to me doesn’t indicate anything to rise to the level of incompetence or ineffective assistance of counsel, so I’m not going to appoint another lawyer to represent you and I’m not gonna continue the trial for you to go out and find somebody else to represent you.
Do you want to proceed with Miss Fletcher today or do you want to fire her?
THE DEFENDANT: I want to fire her.
THE COURT: So you’re gonna go to trial yourself?
THE DEFENDANT: No, sir.
THE COURT: You are gonna go to trial. You’re going to trial today, sir. You’re up for trial. You’re going to trial. So do you still want to fire Miss Fletcher?
THE DEFENDANT: Yes, sir.
THE COURT: Okay. You understand that by representing yourself you would not have an attorney representing you in this trial, do you understand that?
THE DEFENDANT: No, sir.
THE COURT: I just told you that.
THE DEFENDANT: I mean, if I can get another attorney, sir.
THE COURT: If you can get an attorney in the next five minutes, go for it. You’re set for trial. I’m not granting a continuance for you to go out and try to find another counsel.
This case was set for trial, the State said they were ready for trial, Miss Fletcher said she was ready for trial. You’re going to trial.
THE DEFENDANT: So you won’t give me time to get an attorney?
THE COURT: No, sir. Today is your trial date.
THE DEFENDANT: I wasn’t given a date. I didn’t know I was going to trial today. My lawyer didn’t tell me that I was going to trial today.
THE COURT: I don’t believe that, sir. THE DEFENDANT: Sir?
THE COURT: I don’t believe you. So my question is to you, Mr. Nash: Do you want to fire Miss Fletcher and go to trial representing yourself, pro se?
THE DEFENDANT: No, sir.
Prior to voir dire, Nash’s lawyer informed the trial court that Nash told her she was fired, and that Nash was disagreeing with her unwillingness to call any other witnesses. The court told Nash that he *1211 had to proceed with counsel or represent himself. During the trial Nash’s lawyer noted several times that she was unable to get any input from Nash.
Under Nelson, when a defendant seeks to discharge his court-appointed counsel before trial, the trial court must ascertain whether the defendant is unequivocally requesting counsel’s discharge and, if so, the reason for the request. Maxwell v. State, 892 So.2d 1100, 1102 (Fla. 2d DCA 2004).
If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
Nelson, 274 So.2d at 258-59 (emphasis added).
Here, Nash unequivocally requested his counsel’s discharge and complained that he was unaware of his trial date. The trial court made no inquiry of Nash’s counsel other than asking whether she was ready for trial. “Without such an inquiry, the court could not, and did not, make the findings on the record which Nelson mandates.” Burgos v. State, 667 So.2d 1030, 1032 (Fla. 2d DCA 1996); see Ewing v. State, 996 So.2d 871, 872 (Fla. 1st DCA 2008) (“When Appellant raised specific complaints regarding his counsel’s performance, the court was obligated to inquire of counsel regarding the complaints.”).
Moreover, given that Nash and his counsel continued to have irreconcilable differences during the trial, we do not find that the error was harmless. See Moultrie v. State, 679 So.2d 25, 26 (Fla. 4th DCA 1996) (finding any error in failing to conduct a proper Nelson inquiry to be harmless given defendant’s overwhelming evidence of guilt and lack of evidence of irreconcilable differences). Accordingly, we reverse and remand for a new trial. Our disposition on this issue renders Nash’s remaining two issues moot.
Reversed and remanded.
CRENSHAW, J., Concurs.
ALTENBERND, J., Concurs with opinion.