# Third District Court of Appeal

**State of Florida**

Opinion filed April 19, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1798
Lower Tribunal No. 14-432-A-K
_____

**Luis Lazaro Camejo,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Wayne Miller, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOGUE, and SCALES, JJ.

LOGUE, J.

Luis Lazaro Camejo appeals his conviction and sentence after a jury found him guilty of the sale of cocaine. On appeal, Camejo argues that his conviction and sentence should be reversed and a new trial granted because the Nelson[1] hearing conducted by the trial court was not adequate. We disagree and affirm.

We review for abuse of discretion whether a trial court conducted a proper Nelson inquiry. Maxwell v. State, 892 So. 2d 1100, 1102 (Fla. 2d DCA 2004). A Nelson inquiry is appropriate when a defendant expresses a desire to discharge court-appointed counsel before trial. Id. When these circumstances arise, the trial court must determine "if there is reasonable cause to believe that court-appointed counsel is not rendering effective assistance." Id. If the defendant's complaints do not indicate ineffective assistance of counsel, then no further inquiry is required. Id.

After a thorough review of the record and transcript of the Nelson hearing at issue on appeal, we agree with the trial court's conclusion that Camejo failed to offer any legal basis as to why his counsel should be discharged. Because Camejo's claims do not demonstrate ineffective assistance of counsel, we conclude that the trial court conducted a proper Nelson inquiry.

Affirmed.

---

[1] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).