NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTOPHER DELANE DANIELS,    )
    )
       Appellant,    )
    )
v.    )    Case No. 2D16-4840
    )
STATE OF FLORIDA,    )
    )
       Appellee.    )
_____)

Opinion filed July 13, 2018.

Appeal from the Circuit Court for Sarasota
County; Thomas Krug, Judge.

Howard L. Dimmig, II, Public Defender, and
Karen Kinney, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jonathan P. Hurley,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Judge.


       Christopher DeLane Daniels seeks review of his convictions and

sentences for three counts of sale or delivery of cocaine within 1000 feet of a park,

raising a single issue concerning the trial court's failure to conduct a <u>Nelson</u>[1] hearing in response to Daniels' pro se motion entitled "Petition for <u>Nelson</u> Hearing." Because the trial court erred by not conducting a preliminary inquiry into the basis for Daniels' petition, we reverse and remand for further proceedings.

The law concerning the need for a hearing when a defendant seeks to discharge appointed counsel is clear.

In <u>Nelson v. State</u>, 274 So. 2d 256 (Fla. 4th DCA 1973), the court set forth a procedure for handling a request to discharge court-appointed counsel. <u>Maxwell v. State</u>, 892 So. 2d 1100, 1102 (Fla. 2d DCA 2004).

The <u>first step in the procedure is the preliminary Nelson inquiry in which the court ascertains whether the defendant unequivocally requests court-appointed counsel's discharge and the court asks the reason for the request. The answer to the preliminary inquiry determines the next steps.</u> If a reason for the request is court-appointed counsel's incompetence, then the court must further inquire of the defendant and his counsel to determine if there is reasonable cause to believe that court-appointed counsel is not rendering effective assistance and, if so, appoint substitute counsel. If the reasons for the request do not indicate ineffective assistance of counsel, then no further inquiry is required.

<u>Id.</u> (citations omitted). If there is no need for further inquiry or after such inquiry the court determines there is not reasonable cause to determine that counsel is ineffective, then the court must inform the defendant he or she is not entitled to substitute court-appointed counsel and will have to exercise his or her right to self-representation. <u>Id.</u> Before the court may allow a defendant to represent himself or herself, it must conduct a <u>Faretta</u> inquiry to determine that

---

[1]<u>Nelson v. State</u>, 274 So. 2d 256 (Fla. 4th DCA 1973).

> the defendant's waiver of the right to court-appointed counsel is knowing and intelligent. Id.
>
> The preliminary Nelson inquiry is a critical step in the procedure for handling a request to discharge counsel. Maxwell, 892 So. 2d at 1102. "Depending on the answer to the preliminary Nelson inquiry, a complex, multi-faceted combined Nelson and Faretta hearing could ensue, or the inquiry could end there." Id. The failure to conduct this preliminary inquiry in response to a defendant's request to discharge court-appointed counsel is a structural defect that requires reversal as per se error. Id. at 1103. Simply put, the trial court may not remove the possibility of discharging court-appointed counsel for incompetence without giving the defendant a chance to be heard on the issue. Id.

Mansfield v. State, 227 So. 3d 704, 708 (Fla. 2d DCA 2017) (emphasis added). While "a Nelson hearing [may be] unwarranted where a defendant presents general complaints about defense counsel's trial strategy and no formal allegations of incompetence have been made," Morrison v. State, 818 So. 2d 432, 440 (Fla. 2002), the need for a preliminary Nelson inquiry arises "when a defendant complains about his appointed attorney, or it may come up when a defendant asks to dismiss his appointed counsel," Jones v. State, 74 So. 3d 149, 151 (Fla. 2d DCA 2011). "In either case, the court must conduct a preliminary inquiry into the reasons for the defendant's dissatisfaction," id. (citing Nash v. State, 53 So. 3d 1208, 1211 (Fla. 2d DCA 2011)), and the defendant has the right to be heard on the issue, see Mansfield, 227 So. 3d at 708 (citing Maxwell v. State, 892 So. 2d 1100, 1102 (Fla. 2d DCA 2004)). Moreover, even when the defendant files a written motion that implicates Nelson, the court may not rely solely on the written motion but instead is obligated to inquire of the defendant whether he wishes to discharge appointed counsel and exercise his right to self-representation. See Jackson v. State, 33 So. 3d 833, 836 (Fla. 2d DCA 2010); Montgomery v. State, 1 So. 3d 1228, 1230 (Fla. 2d DCA 2009). The court's failure to do

so constitutes a structural defect that requires reversal as per se error. See Maxwell, 892 So. 2d at 1103; Boaz v. State, 135 So. 3d 506, 508 (Fla. 5th DCA 2014).

Here, Daniels filed a petition asking specifically for a Nelson hearing and asserting that appointed counsel had violated Daniels' due process rights by agreeing to an early trial date for which counsel would not be prepared. Once it reviewed that petition, rather than denying it without a hearing, the trial court should have convened a preliminary Nelson inquiry to allow Daniels to be heard concerning whether he was unequivocally requesting that his court-appointed counsel be discharged and to ascertain all the reasons for the request. Because Daniels' petition was at least minimally sufficient on its face, the trial court's failure to conduct the preliminary Nelson inquiry requires reversal.

Moreover, contrary to the State's assertion here, the error was not rendered harmless by the trial court appointing stand-by counsel for Daniels. As this court has stated, "while the failure to conduct an adequate Nelson inquiry is subject to an abuse of discretion standard and, presumably, a harmless error analysis, the failure to conduct any inquiry is per se error." Jackson, 33 So. 3d at 836. Therefore, because there was a complete absence of any inquiry into the legitimacy of Daniels' complaints about his attorney, the error was not harmless.

Reversed and remanded for further proceedings.


KELLY and LUCAS, JJ., Concur.