679 So.2d 25 (1996)
Victor Leroy MOULTRIE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0729.
District Court of Appeal of Florida, Fourth District.
August 14, 1996.
Rehearing Denied September 27, 1996.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
Appellant filed a "boilerplate" motion to dismiss counsel. After reviewing the motion and briefly questioning counsel about his response, the trial court denied the motion. On appeal, appellant contends that the court erred by failing to make a proper Nelson inquiry. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), approved by Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). We hold that given the nature of the motion, the inquiry of the trial court was *26 sufficient. We therefore affirm the appellant's conviction and sentence.
Appellant was charged with aggravated assault with a firearm and resisting an officer without violence after what appears to be the thwarted robbery of a pharmacy. Prior to trial, he filed a pro se motion to dismiss his appointed counsel. The motion appears to be a form motion, in which someone merely filled in the blanks with the name of the defendant in the style of the case, the case number, and judge. In the body of the motion, a blank for the name of the defendant is filled in with defendant's name and the date that he was declared indigent. The pre-printed form recites that appellant's counsel had not properly investigated the case in order to thoroughly prepare for trial; that his counsel had not prepared a defense or did not have sufficient time to assess a defense strategy and had refused to help perfect appellant's defense; that his counsel had not prepared and filed appropriate pre-trial documents (although the motion does not state what documents were not filed); and that his counsel had refused to respond to appellant's attempts at communication.
When the motion came before the trial court, appellant, whom his counsel stated was slightly retarded, told the court that he did not file the motion himselfthat someone else had done it for him. Trial counsel told the judge that he had already spoken to appellant about everything that counsel knew about the charges. The prosecution's case included eyewitness identification of appellant by pharmacy employees, identification by an officer who chased and arrested the appellant, and a taped confession by the appellant. The trial court denied the motion to discharge counsel.
Under the circumstances of the motion in this case, we conclude that there was no failure to conduct a proper Nelson inquiry. This was a preformulated motion to dismiss counsel, prepared and filed by someone other than appellant. It recites vague generalities which amount to "boilerplate" complaints lodged against counsel. No specific reference to the facts or to the conduct of counsel in the instant case were alleged. See Lowe v. State, 650 So.2d 969 (Fla.1994), cert. denied, ___ U.S. ___, 116 S.Ct. 230, 133 L.Ed.2d 159 (1995). Moreover, counsel specifically refuted the allegation that he had not informed appellant of the progress of his case.
Furthermore, given the overwhelming evidence of guilt and no apparent evidence of irreconcilable differences between appellant and his counsel, even if the inquiry was less than thorough, any error would be harmless. See Graves v. State, 642 So.2d 142 (Fla. 4th DCA 1994) (applying harmless error analysis where trial court refused to hold Nelson inquiry).
The appellant argues two additional errors committed by the trial court. First, he complains that the trial court admitted irrelevant and prejudicial evidence. We agree with the state that the matter was not properly preserved and, therefore, decline to review this issue. Second, he contends that the trial court erred in failing to suppress his confession. The trial court's determination on this issue will not be overturned on appeal unless clearly erroneous. Thompson v. State, 548 So.2d 198, 204 n. 5 (Fla.1989). Here, the appellant claims that he was slightly retarded and did not knowingly and intelligently waive his constitutional right to remain silent. The trial court had the benefit of listening to the taped confession and it determined that appellant understood the rights read to him. In light of the testimony of the officers as to the events surrounding the confession, the appellant has not met the burden of showing that the trial court's findings were clearly erroneous.
Affirmed.
GUNTHER, C.J., and FARMER, J., concur.