*94
 
 PER CURIAM.
 

 Appellant, Kenneth Nesmith, appeals his judgments and sentences for three counts of sexual battery and one count of battery. He argues two issues on appeal: (1) the trial court erred in failing to conduct a
 
 Nelson
 

 [1]
 

 inquiry when he requested discharge of his court-appointed counsel and appointment of substitute counsel; and (2) the trial court erred in refusing to allow him to personally cross-examine the victim after he exercised his right to self-representation. We agree with Appellant on both issues. Accordingly, we reverse and remand for a new trial.
 

 Appellant was charged with three counts of sexual battery and one count of aggravated battery with a deadly weapon. During a pretrial hearing, Appellant asked the court, “Can I please have somebody else to represent me, or can I represent myself?” In response, the trial court questioned Appellant, consistent with
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), as to whether he understood the ramifications of self-representation. The trial court did not inquire as to the reason Appellant wished to discharge his court-appointed counsel. Appellant indicated that he understood the repercussions of representing himself but wished to do so anyway because his appointed counsel “has not been helping me at all since I’ve been in here.” The trial court determined that Appellant had made a knowing, voluntary decision to represent himself and stated that Appellant’s court-appointed counsel would act as standby counsel during trial. Appellant objected to standby counsel’s presence at his trial.
 

 The State filed a motion for standby counsel to cross-examine the victim, alleging that allowing Appellant to cross-examine her would exacerbate her mental health condition. The trial court granted the State’s motion over Appellant’s repeated requests to cross-examine the victim personally.' At trial, following direct examination, the court gave Appellant time, out of the presence of the jury, to write down questions for standby counsel to ask the victim on cross-examination. The jury found Appellant guilty as charged of three counts of sexual battery and guilty of the lesser-included offense of battery. This appeal follows.
 

 Appellant first argues that the trial court erred in failing to conduct a
 
 Nelson
 
 inquiry when he made an unequivocal request to discharge his court-appointed counsel. Under
 
 Nelson,
 
 when a defendant makes clear to the trial court that he desires to discharge his court-appointed counsel, the trial court should inquire as to the reason for the request.
 
 Nelson,
 
 274 So.2d at 258-59;
 
 see also Maxwell v. State,
 
 892 So.2d 1100, 1102-03 (Fla. 2d DCA 2004). If the defendants reason is not counsels incompetence, then no further inquiry is required.
 
 Maxwell,
 
 892 So.2d at 1102;
 
 see also Bodiford v. State,
 
 665 So.2d 315, 316 (Fla. 1st DCA 1996). A trial court’s failure to conduct a preliminary inquiry into the defendant’s reason for seeking to discharge court-appointed counsel is not harmless error; rather, it is “a structural defect in the trial requiring reversal as per se error.”
 
 Maxwell,
 
 892 So.2d at 1102.
 

 In the instant case, when Appellant stated that he wished to be appointed new counsel or to represent himself, the trial court should have made a preliminary inquiry as to Appellant’s reasons for seeking discharge of his appointed counsel. The trial court, however, failed to make this inquiry and instead proceeded to question Appellant regarding his competence to
 
 *95
 
 represent himself under
 
 Faretta.
 
 This failure constituted reversible error, entitling Appellant to a new trial.
 

 Appellant’s second argument is that the trial court denied him the right to represent himself by not allowing him to cross-examine the victim directly. In
 
 Far-etta,
 
 the Supreme Court held that the Sixth Amendment provides a criminal defendant a constitutional right to represent himself. 422 U.S. at 819-20, 95 S.Ct. 2525. The Court held that such a right is violated when counsel is unwillingly “thrust” upon the accused.
 
 Id.
 
 at 820, 95 S.Ct. 2525.
 

 Here, Appellant did not seek participation from standby counsel during his trial. In fact, Appellant objected to standby counsel’s presence at his trial. Although Appellant’s ability to cross-examine the victim was a major element of conducting his own defense, the trial court, over Appellant’s objection, required him to cross-examine the victim in the presence of the jury through standby counsel. This was error, as Appellant was denied the ability to appear as he saw fit. Therefore, under the facts of this case, we find that Appellant’s Sixth Amendment right to personally conduct his defense was violated by the trial court’s refusal to allow him to cross-examine the victim.
 

 Accordingly, we REVERSE and REMAND for a new trial.
 

 WEBSTER, BROWNING, and LEWIS, JJ., concur.
 

 [1]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).