VILLANTI, Judge.
 

 In this appeal, we are asked to decide whether the trial court committed reversible error by failing to conduct a Nelson
 
 [1]
 
 inquiry before proceeding with Milke/s revocation hearing. We answer this question in the affirmative and reverse.
 

 Milkey was charged with violation of probation. At the beginning of the revocation of probation hearing, the following exchange took place:
 

 [MILKEY]: Your Honor, I’m not really happy with my counsel. Is there anyway—
 

 THE COURT: You can represent yourself if you wish.
 

 [COUNSEL]: He does have Ms. Black on the new charges, and I have spoken with Ms. Black. She is not taking over this case, but—
 

 THE COURT: She’s not here. You can have Ms. Chewning or you can represent yourself.
 

 What are we doing? Are we going to have a hearing?
 

 [COUNSEL]: If I can just have one moment to explain something. We’re ready for a hearing, Your Honor.
 

 THE COURT: Please call your first witness.
 

 The revocation hearing proceeded with the same court-appointed counsel representing Milkey. The court found Milkey in violation of probation and sentenced him to thirty-six months in prison. The court never made an inquiry of Milkey or of his court-appointed counsel as to the reasons why Milkey was “not really happy” with counsel to determine whether Milkey’s displeasure had anything to do with counsel’s incompetence. Based on the facts of this case, this was error.
 

 Pursuant to
 
 Nelson,
 
 when a defendant seeks to discharge his court-appointed counsel prior to trial, the trial court must determine whether the defendant is unequivocally requesting counsel’s discharge, and if so, the reason for the request.
 
 Montgomery v. State,
 
 1 So.3d 1228, 1230 (Fla. 2d DCA 2009);
 
 Maxwell v. State,
 
 892 So.2d 1100, 1102 (Fla. 2d DCA 2004).
 
 [2]
 
 The trial court’s inquiry must be sufficient to “determine whether or not appointed counsel is rendering effective assistance.”
 
 Howell v. State,
 
 707 So.2d 674, 680 (Fla.1998). The procedural steps to follow when a defendant asks to discharge his court-appointed counsel are aptly outlined in
 
 Maxwell:
 

 The first step in the procedure is the
 
 preliminary Nelson inquiry in which the court ascertains whether the defen
 
 
 *174
 

 dant unequivocally requests court-appointed counsel’s discharge and the court asks the reason for the request
 
 The answer to the preliminai’y inquiry determines the next steps. If a reason for the request is court-appointed counsel’s incompetence, then the court must further inquire of the defendant and his counsel to determine if there is reasonable cause to believe that court-appointed counsel is not rendering effective assistance and, if so, appoint substitute counsel. If the reasons for the request do not indicate ineffective assistance of counsel, then no further inquiry is required.
 
 If no further inquiry is required, or if after further inquiry there is no reasonable cause to believe that court-appointed counsel is not rendering effective assistance, and the defendant persists in a desire to discharge counsel, then the court must inform the defendant that he is not entitled to a court-appointed substitute counsel and that he would be exercising Ids right to represent himself.
 

 892 So.2d at 1102 (citations omitted, emphasis added). If the court summarily denies the request to discharge counsel, it must make a determination on the record as to why it is denying the request.
 
 Montgomery,
 
 1 So.3d at 1230;
 
 Jones v. State,
 
 658 So.2d 122, 125 (Fla. 2d DCA 1995).
 

 The trial court’s inquiry “can only be as specific as the defendant’s complaint.”
 
 Morrison v. State,
 
 818 So.2d 432, 440 (Fla.2002). For that reason, a
 
 Nelson
 
 hearing is not necessary if the defendant expresses generalized dissatisfaction with his attorney or asserts “general complaints about defense counsel’s trial strategy” without making any formal allegations of incompetence.
 
 Id.; see also Tucker v. State,
 
 754 So.2d 89, 92 (Fla. 2d DCA 2000) (stating that trial court does not abuse its discretion by not conducting a
 
 Nelson
 
 inquiry when the defendant’s “dissatisfaction with counsel is articulated in terms of general complaints which do not suggest ineffective assistance of counsel”). However, we have stated that “[t]he cautious approach suggests that, when in doubt, a trial court should proceed with further inquiry.”
 
 Tucker,
 
 754 So.2d at 92-93.
 

 When a trial court conducts a
 
 Nelson
 
 inquiry, the appellate court applies an abuse of discretion standard to determine whether the
 
 Nelson
 
 inquiry was adequate.
 
 Augsberger v. State,
 
 655 So.2d 1202, 1204 (Fla. 2d DCA 1995);
 
 Wilson v. State,
 
 889 So.2d 114, 118-19 (Fla. 4th DCA 2004). However, we have held that a trial court’s failure to conduct
 
 any
 
 preliminary
 
 Nelson
 
 inquiry in response to a defendant’s wishes to discharge court-appointed counsel is a structural defect constituting reversible error.
 
 See Augsberger,
 
 655 So.2d at 1204 (“We have held that a trial court’s failure to conduct a proper
 
 Nelson
 
 inquiry constitutes reversible error.”);
 
 Maxwell,
 
 892 So.2d at 1103 (“The failure to conduct an appropriate
 
 Nelson
 
 inquiry is a structural defect in the trial requiring reversal as per se error.”).
 

 In this appeal, Milkey contends that he wanted to discharge his counsel, but the trial court improperly truncated the procedure required by
 
 Nelson
 
 when it cut him off and failed to ascertain the reason why he wanted to discharge counsel. We agree with Milkey. We specifically address the State’s arguments because they are interrelated with the reasons why Milkey’s position prevails.
 

 The State seeks affirmance based on two theories. First, the State argues that Mil-key’s complaint was nothing more than a generalized expression of unhappiness with counsel, thereby negating the necessity of a
 
 Nelson
 
 hearing. Second, the State argues that a
 
 Nelson
 
 hearing was not necessary because Milkey waived the issue
 
 *175
 
 when, after talking with his court-appointed counsel, he silently acquiesced in his counsel’s statement that they were ready to proceed with the violation of probation hearing. The State’s arguments fail for several reasons.
 

 First, the trial court never determined whether Milkey’s “unhappiness” was due to his belief that counsel was ineffective or whether it was simply a generalized feeling of unhappiness with counsel. The trial court cut off both Milkey and his counsel midsentence when it is apparent from the transcript that, if given the opportunity, they would have explained the reasons for Milkey’s “unhappiness.” Under
 
 Nelson,
 
 the trial court should make a sufficient inquiry of
 
 both
 
 the defendant and his counsel to determine whether there is reasonable cause to believe that counsel is not rendering effective assistance.
 
 See Jones,
 
 658 So.2d at 125.
 
 Nelson
 
 mandates that the court make findings on this issue on the record.
 
 Burgos v. State,
 
 667 So.2d 1030, 1032 (Fla. 2d DCA 1996). Here, it certainly behooved the court to make further inquiry regarding Milkey’s complaint about counsel.
 

 This case is similar to
 
 Maxwell.
 
 In that case, when defense counsel stated that the defendant wanted to discharge counsel, the trial court immediately gave the defendant the options of either representing himself or keeping his court-appointed counsel.
 
 Maxwell,
 
 892 So.2d at 1101-02. This court criticized the trial court for failing to make a preliminary
 
 Nelson
 
 inquiry and “removing] the possibility of discharging counsel for incompetence before [the defendant] had a chance to speak on the matter.”
 
 Id.
 
 at 1102-03. We concluded that, under the circumstances, the trial court’s failure to conduct a
 
 Nelson
 
 inquiry was “a structural defect” requiring reversal as per se error.
 
 Id.
 
 at 1103. We specifically distinguished
 
 Augsberger,
 
 another case where we had held that a
 
 Nelson
 
 inquiry was unnecessary:
 

 The State urges affirmance on authority of
 
 Augsberger v. State,
 
 655 So.2d 1202, 1204-05 (Fla. 2d DCA 1995), which held that a
 
 Nelson
 
 inquiry is not required when the defendant does not indicate a desire to discharge court-appointed counsel and to receive a replacement. However,
 
 Augsberger
 
 addressed the necessity of conducting a
 
 full Nelson
 
 inquiry after the defendant’s response to the preliminary inquiry,
 
 not the necessity of the preliminary inquiry, which provides the opportunity for such desires to come to light.
 

 Id.
 
 (emphasis added).
 

 Similarly, in
 
 Jones,
 
 the defendant complained about “continued dissatisfaction with his court-appointed counsel.” 658 So.2d at 124. “Without inquiring of [the defendant] and his attorney about the substance of the complaint,” the trial court immediately asked the defendant if he wanted to represent himself.
 
 Id.
 
 We reversed, concluding that the trial court had abused its discretion because it “never inquired of the appellant
 
 and,
 
 his court-appointed counsel as to whether there was reasonable cause to believe that counsel was being ineffective.”
 
 Id.
 
 at 125. We also noted that the court had not made any findings on the record as to why it was summarily denying the request to discharge counsel.
 
 Id.
 
 We concluded:
 

 We recognize the burden placed on a trial court by
 
 Nelson ...
 
 when confronted by a defendant, who is often obstreperous, claiming ineffective assistance of court-appointed counsel. We realize that the procedures mandated by these cases will often involve a tedious and time-consuming process designed to test the frustration and patience level of the most able trial judge, especially when the request for discharge comes on the
 
 *176
 
 day of trial and a jury venire of inconvenienced citizens is impatiently waiting in the courthouse for the jury selection process to begin. We must emphasize, however, the importance of strict adherence to these requirements and the real potential for reversal should they not be followed, thereby resulting in a needless expenditure of judicial resources.
 

 Id.
 
 at 126.
 

 As in
 
 Maxwell
 
 and
 
 Jones,
 
 in this case we must reverse. As in
 
 Maxwell,
 
 the trial court ignored the need for a preliminary
 
 Nelson
 
 inquiry, which would have given Milkey the opportunity to express his desire to discharge counsel and explain the reasons for his request. Upon hearing that Milkey was “not really happy” with counsel, the court should have allowed him to finish his sentence to determine the basis of his dissatisfaction and whether some type of
 
 Nelson
 
 inquiry was necessary. The trial court should have given Milkey the opportunity to have his desire to discharge counsel “come to light.”
 
 Maxwell,
 
 892 So.2d at 1103;
 
 see also Rios v. State,
 
 696 So.2d 469, 471 (Fla. 2d DCA 1997) (stating that a proper
 
 Nelson
 
 inquiry begins with a determination of the reason why the defendant wishes to change attorneys to determine whether the request is based on ineffective assistance). Based upon the options given to Milkey by the trial court — discharging his counsel and representing himself or proceeding with current counsel — it is apparent that the trial court understood Milkey’s statement as an effort to discharge counsel. Even though Milkey might not have ultimately been entitled to a full
 
 Nelson/Far-etta
 
 hearing, the trial court should have further inquired to determine whether he, in fact, wished to discharge counsel and the basis for his request. As in
 
 Jones,
 
 the trial court here “leapfrogged” over the
 
 Nelson
 
 inquiry step, either not recognizing that it should have made further inquiry or assuming that Milkey’s counsel was effective despite Milkey’s unhappiness. On the record before us, the trial court was not permitted to assume that Milkey’s dissatisfaction was not' based on counsel’s incompetency or that a
 
 Nelson
 
 hearing, if conducted, would dispel any notion of counsel’s incompetency. By not clarifying the reasons why Milkey was “not really happy” with counsel and by cutting him off midsentence, the court prematurely limited Milkey’s options
 
 [3]
 
 to self-representation or keeping his existing counsel.
 

 The State’s reliance on
 
 Morrison,
 
 818 So.2d at 432, is misplaced. In that case, while the defendant had not made a formal allegation of incompetency, he had sent letters to the court which connected his complaints to the amount of communication between him and counsel, counsel’s refusal to provide copies of legal documents, and counsel’s lack of effort to contact witnesses.
 
 Id.
 
 at 441. The court found that such “complaints can best be described as general complaints about his attorney’s trial preparation, witness development, and trial strategy” which do not require a
 
 Nelson
 
 inquiry.
 
 Id.
 
 The supreme court in
 
 Morrison
 
 also noted that while the trial court had not conducted a full
 
 Nelson
 
 inquiry, it had inquired of defense counsel concerning the defendant’s complaints about counsel and had allowed the defendant an opportunity to express his concerns.
 
 Id.
 
 The court also highlighted the fact that the defendant had not persisted in his complaints against counsel
 
 “when given the opportunity to do so
 
 ” by
 
 *177
 
 the court.
 
 Id.
 
 (emphasis added). The supreme court concluded:
 

 As the record indicates,
 
 the court made sufficient inquiry to determine whether there was reasonable cause to believe that counsel was not rendering effective assistance.
 
 Because Morrison was merely noting his disagreement with his attorney’s frequency of communication, trial strategy, and trial preparation — and was not asserting a sufficient basis to support a contention that his attorneys were incompetent — we find Morrison’s claim is without merit.
 

 Id.
 
 at 442 (emphasis added). The facts in this case are distinguishable from
 
 Morrison
 
 because the trial court here did not make
 
 any
 
 inquiry to determine whether Milkers counsel was not rendering effective assistance and Milkey was not given any opportunity to articulate the basis for his dissatisfaction with counsel.
 

 Other cases which have found a
 
 Nelson
 
 inquiry unnecessary also reflect
 
 some
 
 discussion between the trial court and the defendant supporting a conclusion that the defendant’s complaints had nothing to do with allegations of counsel’s incompetence.
 
 See, e.g., Gudinas v. State,
 
 693 So.2d 953, 961 (Fla.1997) (holding that failure to conduct
 
 Nelson
 
 inquiry was not error where defendant never specifically claimed that counsel was acting incompetently despite the fact that “the trial judge went to great lengths” to determine the basis of his complaint);
 
 Lowe v. State,
 
 650 So.2d 969, 975 (Fla.1994) (rejecting
 
 Nelson
 
 inquiry where defendant was unable to articulate specific reasons for his assertion that counsel “was not doing his best to represent him,” despite the court’s “persistent questioning”);
 
 Dunn v. State,
 
 730 So.2d 309, 310-11 (Fla. 4th DCA 1999) (reflecting an exchange between the defendant and the trial court regarding the reasons why defendant was dissatisfied with counsel). No such discussion occurred in this case.
 

 We note that it is the rare occasion when a criminal defendant’s initial statement clearly and unequivocally requests the discharge of his court-appointed counsel. Therefore, when an exchange like the one in this case occurs, the trial court must make some preliminary inquiry to determine the basis of the defendant’s unhappiness with counsel.
 
 See Maxwell,
 
 892 So.2d at 1102 (“The preliminary inquiry is the crucial step in the procedure that determines what other procedures, if any, a court must follow in order to adequately protect a defendant’s constitutional rights.”). In this case, even a minimal exchange between Milkey and the trial court might have supported denial of a
 
 Nelson
 
 inquiry under the line of cases holding that generalized complaints are insufficient to trigger a full
 
 Nelson
 
 inquiry. If the court had allowed Milkey and/or his attorney to complete their sentences, it might have concluded that his complaints were about issues that do not fall under
 
 Nelson
 
 and do not require withdrawal of counsel, such as trial preparation or strategy or a general loss of confidence or trust in his counsel. However, the record in this case does not clearly demonstrate that Milkey was complaining about generalized unhappiness with counsel. Therefore, the trial court erred in not conducting a preliminary
 
 Nelson
 
 inquiry.
 

 Finally, we reject the State’s argument that Milkey waived the need for a
 
 Nelson
 
 inquiry when he and his attorney had a brief off-the-record discussion after which counsel announced that they were “ready for a hearing.” The State asks us to assume that Milkey proceeded to the revocation hearing because his conversation with counsel put him at ease about counsel’s performance and negated the need for a
 
 Nelson
 
 inquiry. We reject the
 
 *178
 
 State’s argument because a waiver typically requires the defendant to understand the rights which he is giving up.
 
 See, e.g.,
 
 Fla. R.Crim. P. 3.111(d)(2) (“A defendant shall not be considered to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make a knowing and intelligent waiver”). Here, there is no evidence that Milkey knowingly and intelligently understood his options. This- is not a case where the defendant ceased complaining about his counsel and proceeded to trial after having an opportunity to express to the court the reasons for his dissatisfaction with counsel.
 
 See, e.g., Morrison,
 
 818 So.2d at 441;
 
 Lowe,
 
 650 So.2d at 975;
 
 Wilson,
 
 889 So.2d at 116-17. Rather, the court cut off Mil-key without discussion. Moreover, we do not know what Milkey and his counsel discussed to prompt Milkey to proceed with the revocation hearing. Specifically, we do not know whether Milkey understood that, regardless of the court’s previous comments, he could still unequivocally request to discharge his court-appointed counsel, triggering a full
 
 Nelson
 
 inquiry. Given the record before us, we cannot conclude that Milkey intelligently and voluntarily made a choice to keep his current counsel and proceed with the revocation hearing.
 

 In conclusion, the trial court erred by not conducting at least a limited, preliminary
 
 Nelson
 
 inquiry of both Milkey and his counsel to determine whether Milkey was unequivocally seeking to discharge counsel and, if so, the reasons for that request.
 

 Reversed and remanded with instructions that Milkey’s conviction be vacated and that a new revocation of probation hearing be conducted in a manner consistent with this opinion.
 

 FULMER and KELLY, JJ., Concur.
 

 [2]
 

 . The supreme court adopted the procedure set forth in
 
 Nelson. Hardwick v. State,
 
 521 So.2d 1071, 1074-75 (Fla.1988).
 

 [3]
 

 . Of course, if a proper
 
 Nelson
 
 inquiry had been conducted and Milkey's complaint had been found to involve incompetency of counsel, his options would have included a court-appointed substitute counsel.
 
 See Maxwell,
 
 892 So.2d at 1102.