NORTHCUTT, Judge.
 

 A jury convicted Willie Jackson of aggravated battery with a deadly weapon and aggravated assault with a firearm. Of the several issues Jackson raises on ap
 
 *835
 
 peal, we find merit in his assertion that the circuit court erred in its handling of his request to dismiss his appointed counsel. Accordingly, we reverse. ■
 

 About six months before trial, Jackson filed a written motion to dismiss his court-appointed attorney. The motion apparently was a preprinted form with blank lines on which details such as Jackson’s name, case number, and his attorney’s name were handwritten. In the first three paragraphs, the form motion alleged that defense counsel failed to supply Jackson with pretrial materials such as discovery, that counsel had made statements “deterring this cause to be tried by a jury,” and that “[t]he defendant feels that he/she will not be rendered adequate assistance of counsel.” In the next six paragraphs, the motion recited legal argument on the right to effective assistance of counsel and the importance of pretrial investigation. In a final “wherefore” paragraph, Jackson asked for an order dismissing his attorney and stated that he “would be better served if another legal counsel be appointed to this cause.”
 

 The circuit court summarily denied the motion without holding a hearing. In its order, the court observed that Jackson’s defense attorney had been on the case for only about a month. The order also stated that Jackson’s “boilerplate” motion failed to “clearly indicate why he should be entitled to replacement counsel” and lacked any allegation that his appointed counsel was not properly representing him.
 

 The court’s observations notwithstanding, it erred by denying the motion without at least making a preliminary inquiry into Jackson’s request to discharge his appointed counsel. In
 
 Hardwick v. State,
 
 521 So.2d 1071, 1074-75 (Fla.1988), the Florida Supreme Court adopted a procedure, based on
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973), for inquiring into a criminal defendant’s complaints about appointed counsel. When faced with a motion to dismiss appointed counsel, the court has a duty to ascertain from the defendant whether the request is unequivocal and to explore the reasons behind the request; this is a
 
 preliminary Nelson
 
 inquiry.
 
 Maxwell v. State,
 
 892 So.2d 1100, 1102 (Fla. 2d DCA 2004). In
 
 Maxwell,
 
 we observed that “[depending on the answer to the preliminary
 
 Nelson
 
 inquiry, a complex, multi-faceted combined
 
 Nelson
 
 and
 
 Faretta
 
 hearing could ensue, or the inquiry could end there.”
 
 Id.
 
 (citing
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), which established the standard for self-representation by a criminal defendant). A court’s failure to make this preliminary inquiry is a structural defect in the trial requiring reversal as “per se error.”
 
 Id.
 
 at 1103;
 
 see also Milkey v. State,
 
 16 So.3d 172, 174 (Fla. 2d DCA 2009);
 
 accord Nesmith v. State,
 
 6 So.3d 93, 94 (Fla. 1st DCA 2009).
 

 In some cases, a preliminary
 
 Nelson
 
 inquiry might disclose that the defendant is merely complaining about his counsel’s performance without requesting counsel’s dismissal.
 
 See, e.g., Lowe v. State,
 
 650 So.2d 969, 975 (Fla.1994) (making no mention of request to discharge attorney during defendant’s expressions of dissatisfaction with appointed counsel);
 
 cf. Davis v. State,
 
 70S So.2d 1055, 1058-59 (Fla.1997) (concluding
 
 Nelson
 
 was inapplicable because defendant never made unequivocal request to discharge appointed counsel). In other cases, such as this one, the defendant may be asking for counsel’s dismissal.
 

 When a defendant requests that the trial court discharge his court-appointed attorney for ineffective assistance, the court is obligated to determine whether adequate grounds exist for the attor
 
 *836
 
 ney’s discharge.
 
 See Hardwick v. State,
 
 521 So.2d 1071, 1074-75 (Fla.1988) (holding that a motion to discharge counsel for incompetence requires that the trial court inquire into the actual effectiveness of counsel);
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 
 If the court finds that the defendant does not have a legitimate complaint, then the court is required to ad,vise the defendant that if his request to discharge is granted, the court is not required to appoint substitute counsel and, that the defendant would be exercising his right to represent him,self.
 

 Trease v. State,
 
 768 So.2d 1050, 1053 (Fla.2000) (emphasis added).
 

 Here, Jackson’s motion unequivocally expressed his desire to discharge his appointed counsel. Even if we could assume both that the circuit court properly relied solely on the written motion as its source of information regarding Jackson’s complaints and that it properly found the complaints insufficient to require the appointment of substitute counsel, the court was obliged to inquire whether Jackson wished to persist in discharging his attorney, thereby waiving his right to court-appointed counsel and exercising his right of self-representation.
 
 See Montgomery v. State,
 
 1 So.3d 1228, 1230 (Fla. 2d DCA 2009);
 
 see also Hardwick,
 
 521 So.2d at 1074 (noting that attempts to dismiss court-appointed counsel are presumed to be an exercise of defendant’s right to self-representation).
 

 The State relies on
 
 Kott v. State,
 
 518 So.2d 957 (Fla. 1st DCA 1988), and argues that we should apply an abuse of discretion standard. But in
 
 Kott
 
 the court actually inquired of the defendant regarding his request. 518 So.2d at 958. Although it was not an extensive inquiry, the defendant was given an opportunity to argue his motion to discharge counsel.
 
 Id.
 
 Because there was a preliminary
 
 Nelson
 
 inquiry in
 
 Kott,
 
 that case is distinguishable. Likewise, the State’s reliance on
 
 Moultrie v. State,
 
 679 So.2d 25 (Fla. 4th DCA 1996), is misplaced.
 
 Moultrie
 
 involved a similar form motion to dismiss court-appointed counsel. But again, in that case the court held a hearing on the motion even if its inquiry was “less than thorough.”
 
 Id.
 
 at 26. Here, the circuit court denied the motion without making any inquiry at all.
 

 The State also contends that any error was harmless because the evidence of Jackson’s guilt was overwhelming. But while the failure to conduct an adequate
 
 Nelson
 
 inquiry is subject to an abuse of discretion standard and, presumably, a harmless error analysis, the failure to conduct
 
 any
 
 inquiry is per se error.
 
 See Maxwell,
 
 892 So.2d at 1102-03.
 
 Compare Kott,
 
 518 So.2d at 958 (finding harmless error in court’s “failure to conduct a more extensive inquiry regarding the merits of the motion to discharge”),
 
 with Nesmith,
 
 6 So.3d at 94 (holding that court’s “failure to conduct a preliminary inquiry into the defendant’s reason for seeking to discharge court-appointed counsel is not harmless error; rather, it is ‘a structural defect in the trial requiring reversal as per se error’ ”) (quoting
 
 Maxwell,
 
 892 So.2d at 1102-03)).
 

 In the absence of any inquiry into the legitimacy of Jackson’s complaints about his attorney or, at the very least, into Jackson’s desire to proceed pro se if he persisted in his request to discharge counsel, we must reverse.
 

 Reversed and remanded for a new trial.
 

 CASANUEVA, C.J., and WALLACE, J., Concur.