SILBERMAN, Judge.
 

 Aison Torres seeks review of his judgment and sentence for fleeing or attempting to elude with wanton disregard, willful and wanton reckless driving causing damage, and resisting or obstructing an officer without violence. We reverse and remand for a new trial because the trial court erred in addressing Torres’ request to discharge court-appointed counsel.
 

 Prior to trial Torres had filed a motion to discharge Assistant Public Defender Smith in which Torres alleged that attorney Smith was providing ineffective assistance because he failed to (1) obtain transcripts or call a witness with exculpatory evidence, (2) obtain an expert witness to explore Torres’ physical condition, and (3) adequately communicate with Torres or file a motion to suppress as requested. On the day of trial, attorney Smith informed the court that there was a problem between him and Torres. When Torres was brought out, he told the court that he had a conflict of interest with attorney Smith and that he had filed a motion for postcon-viction relief alleging the ineffective assistance of counsel. Torres asserted that he wanted a new attorney appointed. Instead of inquiring as to the basis for the alleged conflict of interest, the court immediately responded, “You’re not entitled to another lawyer.”
 

 At that point, attorney Smith informed the court that Torres’ postconviction motion was actually filed against another public defender in his office. When Torres began to explain the basis for the motion, the court interrupted and again stated, ‘You’re not entitled to another lawyer.” In response, Torres stated that he did not want to proceed with the public defender. The court asked if he wanted to represent himself, and Torres said he did but then started to argue some of the points in his motion to discharge counsel and his motion for postconviction relief.
 

 The court responded by beginning a Faretta
 
 [1]
 
 inquiry. When Torres tried to interrupt, the court cut him off and stated, “This is a
 
 Faretta
 
 inquiry, sir. We’re do
 
 *912
 
 ing it right now. Now, if you want to represent yourself, you have every right to do so, as foolish as that is.” Ever persistent, Torres repeatedly attempted to explain that he was dissatisfied with attorney Smith’s assistance. While Torres was able to make some abbreviated argument, the court repeatedly cut him off by either resuming the
 
 Faretta
 
 inquiry or telling Torres he was not entitled to substitute counsel. Court then recessed so Torres could change into a suit for trial.
 

 When court resumed, the bailiff informed the court that Torres told him attorney Smith was “making faces at him.” Counsel denied the assertions. Attorney Smith also informed the court that Torres refused to give him his suit size. When Torres was brought in, the court asked if he was still representing himself. Torres replied by asserting that attorney Smith had been making faces at him and “calling me all like this.” Torres said, “I do not want him in my trial, period.” The court then resumed its
 
 Faretta
 
 inquiry.
 

 Torres again interrupted the inquiry to assert that he had a conflict with attorney Smith and requested a substitute attorney. The court unequivocally informed Torres that he was not getting another attorney and completed the
 
 Faretta
 
 inquiry. When it became clear to Torres that the trial was going to proceed without the court appointing substitute counsel, Torres agreed to go to trial represented by attorney Smith.
 

 The supreme court has adopted the procedure outlined by the Fourth District in
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973), for addressing a criminal defendant’s request to discharge court-appointed counsel.
 
 See Hardwick v. State,
 
 521 So.2d 1071, 1074-75 (Fla.1988). Preliminarily, the court must determine whether the defendant’s request to discharge counsel is unequivocal and, if it is, the court must ascertain the reason for the request.
 
 Jackson v. State,
 
 33 So.3d 833, 835 (Fla. 2d DCA 2010). If the request is unequivocal and the defendant asserts counsel’s ineffective assistance as the reason for the request, the court must conduct an inquiry “ ‘to determine if there is reasonable cause to believe that court-appointed counsel is not rendering effective assistance and, if so, appoint substitute counsel.’ ”
 
 Milkey v. State,
 
 16 So.3d 172, 174 (Fla. 2d DCA 2009) (quoting
 
 Maxwell v. State,
 
 892 So.2d 1100, 1102 (Fla. 2d DCA 2004)). If the court determines there is no such reasonable cause, then it need not pursue further inquiry. If the defendant pursues his request to discharge counsel, the court must inform him he is not entitled to court-appointed substitute counsel and that he must represent himself.
 
 Id.
 
 If the defendant seeks to represent himself, the court must conduct a
 
 Faretta
 
 inquiry to determine that the defendant is knowingly and intelligently waiving his right to counsel.
 
 Maxwell,
 
 892 So.2d at 1102.
 

 This court reviews whether a trial court conducted an adequate
 
 Nelson
 
 inquiry for an abuse of discretion.
 
 Jackson,
 
 33 So.3d at 836;
 
 Milkey,
 
 16 So.3d at 174. Generally, the trial court’s ruling may also be reviewed to determine whether the error was harmless.
 
 Jackson,
 
 33 So.3d at 836. However, a court’s failure to conduct any preliminary
 
 Nelson
 
 hearing is per se error such that a harmless error test does not apply.
 
 Jackson,
 
 33 So.3d at 835, 836;
 
 Milkey,
 
 16 So.3d at 174.
 

 The facts of this case are analogous to those in
 
 Milkey.
 
 In
 
 Milkey,
 
 the defendant appeared for his revocation of probation hearing and informed the court that he was “not really happy” with defense counsel. 16 So.3d at 173. The court responded, “You can represent yourself if you wish.” Counsel explained that another attorney was representing the defen
 
 *913
 
 dant on the new law charges. The court cut counsel off and addressed the defendant, stating, “She’s not here. You can have [defense counsel] or you can represent yourself. What are we doing? Are we going to have a hearing?” “Whereupon, the defendant proceeded with defense counsel and was found in violation of probation.
 

 On appeal, this court concluded that the trial court effectively refused to conduct a preliminary
 
 Nelson
 
 inquiry and reversed.
 
 Id.
 
 at 177-78. We explained as follows:
 

 Upon hearing that Milkey was “not really happy” with counsel, the court should have allowed him to finish his sentence to determine the basis of his dissatisfaction and whether some type of
 
 Nelson
 
 inquiry was necessary. The trial court should have given Milkey the opportunity to have his desire to discharge counsel “come to light.” Based upon the options given to Milkey by the trial court-discharging his counsel and representing himself or proceeding with current counsel-it is apparent that the trial court understood Milkey’s statement as an effort to discharge counsel. Even though Milkey might not have ultimately been entitled to a full
 
 Nelson/Faretta
 
 hearing, the trial court should have further inquired to determine whether he, in fact, wished to discharge counsel and the basis for his request.... On the record before us, the trial court was not permitted to assume that Milkey’s dissatisfaction was not based on counsel’s incompetency or that a
 
 Nelson
 
 hearing, if conducted, would dispel any notion of counsel’s incompetency.
 

 Id.
 
 at 176 (citations omitted);
 
 see also Nesmith v. State,
 
 6 So.3d 93, 94-95 (Fla. 1st DCA 2009) (holding that court erred in failing to conduct a preliminary
 
 Nelson
 
 inquiry but instead proceeding straight to a
 
 Faretta
 
 hearing when the defendant asked for substitute counsel).
 

 In this case, as in
 
 Milkey,
 
 it is clear that the trial court understood that Torres wished to discharge counsel. Additionally, as in
 
 Milkey,
 
 the court responded to Torres’ complaint about counsel by informing Torres that he could represent himself but that he was not getting substitute counsel. As in
 
 Nesmith,
 
 the court then proceeded into a
 
 Faretta
 
 inquiry while bypassing the
 
 Nelson
 
 inquiry. Although Torres was able to articulate one of the bases for his alleged conflict with counsel, he was able to only briefly mention a second basis and he did not get to address the third basis at all. Instead, the court steadfastly refused to allow Torres to explain the bases for his motion to discharge counsel. While it is possible that Torres’ claims would not have warranted a full
 
 Nelson
 
 inquiry, the record does not clearly establish this fact. Instead, the trial court improperly assumed that Torres’ dissatisfaction with counsel was not based on counsel’s incompetency or that a
 
 Nelson
 
 hearing, if conducted, would have dispelled any notion of counsel’s incompetency.
 

 Contrary to the State’s assertions, this is not a case in which the court conducted a preliminary
 
 Nelson
 
 inquiry but the defendant was unable to articulate a reason beyond generalized complaints that failed to allege ineffective assistance.
 
 Cf. Augsberger v. State,
 
 655 So.2d 1202 (Fla. 2d DCA 1995);
 
 Kott v. State,
 
 518 So.2d 957 (Fla. 1st DCA 1988). It is clear from the transcript that Torres would have liked the opportunity to explain the bases for his assertions that counsel was ineffective, but the court refused to allow him to do so. Furthermore, the allegations in Torres’ motion to discharge counsel were more than generalized complaints about trial preparation or strategy or a general loss of confidence in defense counsel. Instead,
 
 *914
 
 Torres had set forth specific claims of ineffective assistance of counsel that the court refused to hear or consider.
 

 It is apparent that Torres was being obstinate and difficult, but the court was still required to conduct a preliminary
 
 Nelson
 
 inquiry. As this court has explained:
 

 We recognize the burden placed on a trial court by
 
 Nelson
 
 and
 
 Faretta
 
 when confronted by a defendant, who is often obstreperous, claiming ineffective assistance of court-appointed counsel. We realize that the procedures mandated by these cases will often involve a tedious and time-consuming process designed to test the frustration and patience level of the most able trial judge, especially when the request for discharge comes on the day of trial and a jury venire of inconvenienced citizens is impatiently waiting in the courthouse for the jury selection process to begin. We must emphasize, however, the importance of strict adherence to these requirements and the real potential for reversal should they not be followed, thereby resulting in a needless expenditure of judicial resources.
 

 Jones v. State,
 
 658 So.2d 122, 126 (Fla. 2d DCA 1995).
 

 Thus, the trial court erroneously failed to conduct a preliminary
 
 Nelson
 
 inquiry in this case. Furthermore, this failure is per se error which precludes the application of a harmless error test. Accordingly, we reverse and remand for a new trial.
 

 Reversed and remanded.
 

 NORTHCUTT and MORRIS, JJ., Concur.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).