IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MILTON MAURICE WEBB,

        Appellant,

 v.                                Case No. 5D15-3679

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed May 11, 2018

Appeal from the Circuit Court
for Putnam County,
Clyde E. Wolfe, Judge.

Michael Ufferman, of Michael Ufferman
Law Firm, P.A., Tallahassee, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

Milton Webb was charged with trafficking in cocaine and conspiracy to commit

trafficking in cocaine. Prior to his trial, Webb had at least four court-appointed attorneys.

Every time the court appointed an attorney to represent him, Webb would complain and

request that the attorney be discharged. The last of those occasions gives rise to this

appeal; Webb contends that the trial court failed to conduct an adequate Nelson[1] inquiry before discharging his latest court-appointed attorney.

Although Webb was arrested in 2011, the trial did not occur until 2015. Predictably, right before jury selection, Webb once again complained about his court-appointed attorney, Lerone Thurston. Webb told the court that Thurston had done "nothing [he] asked him to do," and that he "might as well take" himself to trial. Webb gave the court a letter he sent to The Florida Bar complaining about Thurston. The court inquired, "You wish to represent yourself?" and Webb responded, "I can't go with Mr. Thurston."

Despite the State's request for a Nelson inquiry, the court stated, "We're just going right into a Faretta hearing."[2] At first blush, that response would warrant reversal for a new trial because ordinarily, the failure to conduct a preliminary Nelson inquiry is per se reversible error. See Torres v. State, 42 So. 3d 910, 912 (Fla. 2d DCA 2010) ("[A] court's failure to conduct any preliminary Nelson hearing is per se error such that a harmless error test does not apply.").

However, it is apparent that from the beginning, the court's inquiry into Webb's request to represent himself "blurred the line between a Faretta hearing and a Nelson hearing, despite procedurally important distinctions between the two." See Slinger v. State, 219 So. 3d 163, 164 (Fla. 5th DCA 2017). Toward the end of the Faretta hearing, Webb continued to express his dissatisfaction with Thurston, as he had done with every other attorney appointed to represent him. At that point, the court inquired of both

---

[1] See Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

[2] See Faretta v. California, 422 U.S. 806 (1975). The adequacy of the Faretta hearing is not at issue in this appeal.

2

Thurston and Webb, addressing the specific complaints Webb had raised. Webb's allegations pertained to access to discovery and three witnesses whom Webb wished to present at trial, including people heard on portions of wiretaps conducted by law enforcement.

Regarding the discovery, Thurston explained that the State had digitally produced the discovery, he placed it on his computer network, and he gave Webb access. Webb thereafter acknowledged that he had received electronic access to the documents. As to Webb's claim that Thurston had failed to contact defense witnesses, Thurston stated that he had contacted the first witness, Webb's brother Marlon. Thurston explained that Marlon was incarcerated and would not testify based on his involvement in Webb's trafficking charges.[3] The other two witnesses Webb referenced were recorded in conversations with Webb on the wiretapped phone calls. Thurston explained that those conversations were irrelevant to Webb's charges and that, if anything, calling those witnesses would harm Webb's case.[4] After this inquiry, the court granted Webb's request to proceed pro se.

While the court put the cart before the horse, it ultimately conducted an adequate preliminary inquiry into Webb's allegations of ineffective assistance. See Nelson, 274 So. 2d 256, 258–59 (Fla. 4th DCA 1973) (requiring trial court to inquire into defendant's reason for requesting discharge of court-appointed counsel, and if counsel's

---

[3] Portions of the wiretaps included inculpatory conversations between Webb and his brother.

[4] Thurston stated, "And there's—there's no way the Defense would go and play all those other non-related phone calls, because all it would do is convince the jury that that was indeed Mr. Webb's phone that he's doing all his personal business on as well as whatever the State is alleging [trafficking in cocaine]."

incompetency is raised, determine whether there is "reasonable cause to believe that court-appointed counsel is not rendering effective assistance"). Under <u>Nelson</u>, the court should have then made a finding as to whether Thurston was providing effective representation. <u>See</u> <u>Milkey v. State</u>, 16 So. 3d 172, 175 (Fla. 2d DCA 2009) (citing <u>Burgos v. State</u>, 667 So. 2d 1030, 1032 (Fla. 2d DCA 1996)). In addition, the court should have informed Webb that the State was not obligated to appoint substitute counsel if he chose not to proceed with Thurston. <u>See</u> <u>Nelson</u>, 274 So. 2d at 259 ("If no reasonable basis appears for a finding of ineffective representation, the trial court should . . . advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute."). Here, the court failed to expressly comply with these requirements.

Nonetheless, although the court did not explicitly find that Thurston was competent, that finding was implicit in its subsequent granting of Webb's request for self-representation. Moreover, this Court has previously held that the failure to inform a defendant that the State is not required to appoint substitute counsel can constitute harmless error. <u>Sweat v. State</u>, 895 So. 2d 462, 465 (Fla. 5th DCA 2005). Here, the court inquired into Webb's allegations, presumably determined the allegations lacked merit, and thereafter told Webb that he could proceed with Thurston or proceed pro se. Notably, Webb never sought new court-appointed counsel; instead, he immediately sought to proceed pro se or to continue the trial to secure private counsel. <u>Cf.</u> <u>Evans v. State</u>, 741 So. 2d 1190, 1191 (Fla. 4th DCA 1999) (holding <u>Nelson</u> hearing unnecessary when defendant seeks to discharge court-appointed counsel and hire private counsel); <u>Augsberger v. State</u>, 655 So. 2d 1202, 1205 (Fla. 2d DCA 1995) (finding that defendant

has obligation to specifically request substitute counsel in order to trigger <u>Nelson</u> requirement). Therefore, on the facts of this case, any error in failing to inform Webb that the State was not obligated to appoint substitute counsel was harmless. Accordingly, we affirm.

AFFIRMED.

WALLIS and EISNAUGLE, JJ., concur.