# Third District Court of Appeal

## State of Florida

Opinion filed June 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0089
Lower Tribunal No. 17-841-B-K

_____

**Rory Wilson,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Torres v. State</u>, 42 So. 3d 910, 912 (Fla. 2d DCA 2010) ("This court reviews whether a trial court conducted an adequate *Nelson* inquiry for an abuse of discretion. Generally, the trial court's ruling may also be reviewed to determine whether the error was harmless."); <u>Kott v. State</u>, 518 So. 2d 957, 958-59 (Fla. 1st DCA 1988) ("The most important circumstance militating in favor of affirmance, however, is the fact that the appellant proceeded to trial *with his court-appointed counsel,* and made no additional attempt to dismiss counsel or request self-representation. Similarly, there is no evidence in the record of any conflict or lack of communication during the *trial* between appellant and his attorney that would support a finding that the appellant did not receive an adequate defense . . . . [A]fter denial of his motion, [the defendant] accepted court-appointed counsel without any allegation of additional conflict or dissatisfaction."); <u>Sweat v. State</u>, 895 So. 2d 462, 465 (Fla. 5th DCA 2005) ("Under *Nelson,* the trial court should have informed [the defendant] that if he dismissed his current attorney, a second state-appointed attorney may not be provided. However, the trial court's failure to give this advice to [the defendant] is subject to the harmless error test. Because [the defendant] never discharged his attorney, the court's failure to advise him that a second attorney may not be appointed if he dismissed his current attorney was harmless.").

2